FILED
United States Court of Appeals
Tenth Circuit

**August 1, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NICHOLAS HARRISON,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 07-6301
(D.C. No. CIV-06-431-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Plaintiff-Appellant Nicholas Harrison appeals from the district court's

decision denying his request to remand his claims against Lieutenant Colonel

Stuart Jolly to Oklahoma state court. Harrison also appeals the district court's

refusal to resubstitute Jolly as the defendant in this case. We find neither claim

convincing, and pursuant to our appellate jurisdiction under 28 U.S.C. § 1291, we

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

AFFIRM the district court's decisions. In addition, we GRANT Harrison's motion to proceed in forma pauperis.

Harrison was enrolled as a student at the University of Central Oklahoma where he was a participant in the United States Army Reserve Officers' Training Corps ("ROTC") Program. Lieutenant Colonel Jolly was Harrison's commanding officer in the ROTC program. After Harrison failed to complete several ROTC program requirements, Jolly recommended that the Army remove Harrison from the program. The Army agreed and ordered Harrison's removal.

After his removal, Harrison filed suit against Jolly in state court. The United States Attorney then certified, pursuant to 28 U.S.C. § 2679, that Jolly acted within the scope of his employment during the incidents alleged in Harrison's complaint. As a result of this certification, the case was removed to federal court and the United States was substituted for Jolly as the defendant. See 28 U.S.C. § 2679(d)(2). After Harrison returned from active military duty service, the district court denied his motion to remand and dismissed his claims. Liberally construing his pro se brief, as we must, Harrison contends on appeal that the district court erred by failing to remand his case to state court and by failing to substitute Jolly for the United States.

Title 28, section 2679(d)(2) of the United States Code squarely dictates that once the Attorney General has certified that the government employee was acting within the scope of his employment, a district court may not remand the case to

state court.[1]  See Osborn v. Haley, ___ U.S. ___, 127 S. Ct. 881, 894 (2007).  As the Supreme Court explained, "Congress gave district courts no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted. . . .  For purposes of establishing a forum to adjudicate the case . . . § 2679(d)(2) renders the Attorney General's certification dispositive." Id.  Accordingly, the district court properly denied Harrison's motion to remand the case to state court because it was powerless to do so.

Section 2679(d)(2)'s bar on remand, however, does not prevent the district court from resubstituting the federal official as the defendant for purposes of trial if the certification was improper.  Id.  We review de novo the district court's legal determination that the Attorney General's certification was proper.  See Richman v. Straley, 48 F.3d 1139, 1145 (10th Cir. 1995); see also Council on Am. Islamic Relations v. Ballenger, 444 F.3d 659, 664 (D.C. Cir. 2006).  We refer to Oklahoma state law to determine whether Jolly acted within the scope of his employment.  See Richman, 48 F.3d at 1145; see also Ballenger, 444 F.3d at 663. Under Oklahoma law, an employee acts within the scope of his employment if he is "engaged in work assigned, or if [he is] doing that which is proper, necessary

---

[1] Section 2679(d)(2) states, in pertinent part, "This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."  28 U.S.C. § 2679(d)(2).

and usual to accomplish the work assigned." Nail v. City of Henryetta, 911 P.2d 914, 917 (Okla. 1996).

Turning to the instant case, our analysis begins with the Attorney General's certification, which provides us with prima facie evidence that Jolly acted within the scope of his employment. Richman, 48 F.3d at 1145. Harrison bears the burden of overcoming the presumption this prima facie evidence creates. Id. In an attempt to meet this burden, Harrison argues that Jolly acted beyond the scope of his employment because Jolly's actions were malicious, willful, and wanton. Harrison, however, provides us only with this conclusory argument. Without more, he has failed to rebut the presumption the certification created, and accordingly, the district court properly declined his invitation to resubstitute Jolly as the defendant.

For the foregoing reasons, we AFFIRM the district court's decision to deny Harrison's requests to remand the case to state court and to resubstitute Jolly as the defendant. In addition, we GRANT Harrison's motion to proceed in forma pauperis.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge