FILED
United States Court of Appeals
Tenth Circuit

April 29, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

NICHOLAS HARRISON,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

No. 07-6297

(W.D. Oklahoma)

(D.C. No. 5:07-CV-00351-R)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, **HOLLOWAY**, and **MURPHY**, Circuit Judges.

---

I.      **Introduction**

Plaintiff-Appellant Nicholas Harrison filed a pro se complaint, asserting

violations of the Federal Tort Claims Act ("FTCA") and rights guaranteed him by

the First and Fifth Amendments. He appeals the district court's decision

dismissing his complaint for lack of subject matter jurisdiction. The court's order

was entered after Harrison failed to file a response to the Government's motion to

dismiss the complaint. Harrison has also filed a motion to proceed *in forma*

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

*pauperis*. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** the district court's order with modification and **grant** Harrison's motion to proceed *in forma pauperis*.

## II. Background

During the relevant time period, Harrison was enrolled as a student at the University of Central Oklahoma where he participated in the United States Army Reserve Officers' Training Corps ("ROTC") program. Harrison's commanding officer in the ROTC program was Lieutenant Colonel Stuart Jolly. When Harrison failed to complete several ROTC program requirements, Jolly recommended his disenrollment from the program. *Harrison v. United States*, 287 F. App'x 725, at *1 (10th Cir. 2008). The Board of Officers agreed with Jolly's recommendation, and the Army ordered Harrison's disenrollment.

Harrison sought judicial relief from the Army's actions. He first filed a suit against Jolly in Oklahoma state court.[1] *Id.* He then filed the federal action that underlies this appeal. In his federal complaint, Harrison invoked the FTCA and the First and Fifth Amendments to the Constitution. He sought both monetary and injunctive relief.

---

[1]The United States was substituted for Jolly and Harrison's suit was removed to federal court. Harrison's attempt to rename Jolly as the defendant was unsuccessful. *Harrison v. United States*, 287 F. App'x 725, at *2 (10th Cir. 2008).

The Government filed a motion to dismiss Harrison's complaint, arguing the district court lacked subject matter jurisdiction over the claims. Harrison requested an extension of time to respond to the Government's motion. The district court denied Harrison's request because it did not comply with Local Rule 7.1(h).[2] Eighteen days after his motion was denied, Harrison had not refiled his request for an extension of time, responded to the Government's motion, or amended his complaint. Accordingly, the district court deemed the Government's motion confessed and dismissed Harrison's complaint for lack of subject matter jurisdiction. *See* W.D. Okla. LCvR7.1(g) ("Any motion that is not opposed within 18 days may, in the discretion of the Court, be deemed confessed."); Fed. R. Civ. P. 12(b)(1).

---

[2]Local Rule 7.1(h) reads as follows:

All motions for extension of time shall state: (1) the date the act is due to occur without the requested extension; (2) whether previous motions for extensions have been made and the disposition of said requested extensions; (3) specific reasons for such requested extension to include an explanation why the act was not done within the originally allotted time; (4) whether the opposing counsel or party agrees or objects to the requested extension; (5) the impact, if any, on the scheduled trial or other deadlines; and (6) the precise relief requested by the motion. All such motions shall be accompanied by a proposed order for the Court's use if such relief is granted. The proposed order, which shall not differ in any respect from the relief requested in the motion, shall state specifically the events being extended and the new dates for the deadlines.

W.D. Okla. LCvR7.1(h).

**III. Discussion**

In this appeal, Harrison argues the district court erred when it dismissed the complaint "merely because the [Government's] motion was unopposed." The district court, however, did not dismiss Harrison's complaint merely because it was unopposed. In its motion, the Government sought dismissal pursuant to either Rule 12(b)(1) or 12(b)(6). Although the district court's order did not reference either Rule, it specifically stated the complaint was dismissed for lack of subject matter jurisdiction, which is a dismissal pursuant to Rule 12(b)(1).[3] *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919-21 (10th Cir. 2005) (affirming dismissal under Rule 12(b)(1) because plaintiff failed to identify a waiver of the Government's sovereign immunity); *Ricks v. Nickels*, 295 F.3d 1124, 1127 (10th Cir. 2002) (stating a dismissal under the *Feres* doctrine is properly treated as a dismissal under Rule 12(b)(1)). Our review of that decision is de novo. *Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). Having reviewed Harrison's complaint[4] and the arguments of the parties, we conclude the complaint fails to allege any basis for subject matter jurisdiction over the claims raised therein.

---

[3]Harrison also alleges the complaint states an arguable due process claim and, thus, it was error to dismiss it for failure to state a claim. The obvious problem with this argument is that the district court did not dismiss his complaint pursuant to Rule 12(b)(6) for failure to state a claim.

[4]It is unnecessary to look beyond the four corners of Harrison's complaint to resolve the jurisdictional question.

Harrison's complaint contains claims against the United States arising under the FTCA and the Constitution. Although the FTCA contains a limited waiver of the Government's sovereign immunity, Harrison's claims for damages under the FTCA are barred by the *Feres* doctrine. *Feres v. United States*, 340 U.S. 135, 146 (1950). All the alleged injuries identified in Harrison's complaint clearly arose "out of or are in the course of activity incident to" his military service. *Id.*; *see also Ricks*, 295 F.3d at 1130-31; *Wake v. United States*, 89 F.3d 53, 58-59 (2d Cir. 1996) (applying the *Feres* doctrine to an ROTC cadet). Harrison's claims for injunctive and declaratory relief cannot be brought pursuant to the FTCA. *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 863 (10th Cir. 2005). As to Harrison's constitutional claims, he wholly failed to identify any waiver of sovereign immunity that would permit those claims to proceed against the United States. *See High Country Citizens Alliance v. Clarke*, 454 F.3d 1177, 1181 (10th Cir. 2006) ("While 28 U.S.C. § 1331 grants the court jurisdiction over all 'civil actions arising under the Constitution, laws or treaties of the United States,' it does not independently waive the Government's sovereign immunity; § 1331 will only confer subject matter jurisdiction where some other statute provides such a waiver."); *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) ("Because the jurisdiction of federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.'"). Although Harrison argues in his

supplemental brief that his complaint can fairly be read to seek relief pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 551, or the Tucker Act, 28 U.S.C. § 1491,[5] we disagree. Even under the liberal construction accorded to *pro se* complaints, no such claims can be divined from the document.

The only error we discern in the district court's order is the dismissal of Harrison's complaint with prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice."). Because the district court lacked jurisdiction over the claims raised in Harrison's complaint, those claims should have been dismissed without prejudice. *Id*. at 1218-19.

---

[5]Both the APA and the Tucker Act contain limited waivers of the United States' sovereign immunity. *See Hanson v. Wyatt*, 552 F.3d 1148, 1153-54 (10th Cir. 2008). Because we conclude the complaint did not implicitly invoke either statute, it is impossible to determine whether the waiver of sovereign immunity extends to any such alleged claims. Harrison's failure to identify a waiver of the Government's sovereign immunity also renders it unnecessary to apply the test first set out in *Mindes v. Seaman*, 453 F.2d 197, 201-02 (5th Cir. 1971), to determine if his constitutional claims are justiciable. *See Lindenau v. Alexander*, 663 F.2d 68, 71 (10th Cir. 1981) (adopting the approach articulated in *Mindes*).

**IV. Conclusion**

The judgment of the district court is **modified** to reflect that dismissal of Harrison's complaint is without prejudice. As so modified, the judgment is **affirmed**. Harrison's request to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge