FILED
United States Court of Appeals
Tenth Circuit

October 4, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JOHNNY L. HARDEMAN,

Plaintiff-Appellant,

v.

CHARLES SANDERS; MR.
CARTER, individually; GREG
PROVINCE, LINDA MORGAN, and
CHAD BROWN,

Defendants-Appellees.

No. 10-7019
(D.C. No. 6:08-CV-00086-RAW-SPS)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, **BALDOCK**, and **HOLMES**, Circuit Judges.

In this civil rights action, Johnny L. Hardeman claimed he was sexually

assaulted by a prison guard in violation of the Eighth Amendment. He further

claimed that when he reported the alleged assault, prison officials retaliated and

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

disclosed to other inmates that he has human immunodeficiency virus ("HIV").

The district court granted summary judgment on some claims and later dismissed

the rest for failure to exhaust administrative remedies. We affirm.

I

Mr. Hardeman is an Oklahoma prisoner who alleges that he was sexually

assaulted by a correctional officer, defendant Charles Sanders, while incarcerated

at the Mack Alford Correctional Center ("MACC"). He reported the alleged

assault to defendant Steven Carter, an internal affairs investigator, on March 29,

2007. During their meeting, Carter asked in a harsh tone if Sanders knew

he–Mr. Hardeman–was HIV positive. Mr. Hardeman said he did not know, so

Carter ordered him to leave. Carter then interviewed other inmates who were

known acquaintances of Mr. Hardeman, asked if they had sexual contact with

him, and disclosed to them that Mr. Hardeman had HIV. That same day,

Mr. Hardeman sent an administrative complaint to MACC's warden, defendant

Province, indicating that he had reported the sexual assault and felt Carter was

pursuing retaliatory tactics in investigating the allegations. Also, he was moved

to administrative segregation and later was transferred to the Oklahoma State

Penitentiary ("OSP"), where he would continue to be confined in segregation.

Mr. Hardeman sought an explanation for the changes to his confinement

when he appeared before the OSP administrative segregation board. The board

chairman, defendant Linda Morgan, offered no answer, however, and

Mr. Hardeman subsequently was placed in long term segregation. He then continued to challenge his transfer and segregation through the prison grievance process, alleging these were retaliatory acts for reporting Sanders' sexual assault.

Defendant Chad Brown, an OSP case manager, answered one of Mr. Hardeman's complaints. He told Mr. Hardeman that he was transferred to OSP due to sexual misconduct. This response triggered a series of grievances and correspondences from Mr. Hardeman challenging the disclosure of his HIV status, his transfer, and his segregation as retaliatory. The responses he received, however, all indicated that he was transferred for his own safety, to prevent other inmates from being infected with HIV, and because there was an ongoing internal affairs investigation into the alleged assault.

Eventually, the investigation concluded that there was insufficient evidence to sustain Mr. Hardeman's allegations of sexual assault. The investigation confirmed, however, that he had been sexually involved with other inmates after testing positive for HIV. Consequently, he was found to be in violation of a prison prohibition on sexual activity among inmates and possibly Okla. Stat. tit. 21 § 1192.1, which outlaws the knowing and intentional transfer of HIV.

Dissatisfied with the results of his administrative efforts, Mr. Hardeman filed a complaint in the district court, claiming that he was transferred in retaliation for reporting the alleged assault. He also claimed that by revealing his HIV status, defendants violated the Constitution, the Americans with Disabilities

Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Oklahoma law, among other things. Finally, Mr. Hardeman maintained that the alleged assault violated his Eighth Amendment rights.

The district court granted summary judgment to Morgan and Brown on all claims, and to Sanders on all but the Eighth Amendment claim. The court also specifically rejected Mr. Hardeman's allegations under the ADA. In a subsequent order, the district court dismissed the remaining claims against Province, Carter, and Sanders for failure to exhaust administrative remedies, *see* 42 U.S.C. § 1997e(a), and denied as moot all pending motions, including a motion to compel discovery filed by Mr. Hardeman. Mr. Hardeman now appeals pro se.[1]

## II

We review the grant of summary judgment de novo, applying the same legal standard as the district court. *See Padhiar v. State Farm Mut. Auto. Ins. Co.*, 479 F.3d 727, 732 (10th Cir. 2007). We likewise review de novo the district court's dismissal for failure to exhaust administrative remedies. *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).

Mr. Hardeman first contends the district court erred in finding that he failed to exhaust his claims against Province, Carter, and Sanders. Prisoners must exhaust administrative remedies before bringing an action in federal court. *See*

---

[1] We liberally construe pro se pleadings. *Braxton v. Zavaras*, ___ F.3d ___, 2010 WL 2991382, at * 1 (10th Cir. Aug. 2, 2010).

42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007). An inmate properly exhausts by completing all the steps of the prison's administrative grievance process. *Little*, 607 F.3d at 1249.[2] "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (quotation omitted).

Mr. Hardeman contends he exhausted his remedies to the extent they were available to him. *See id.* (inmates need only exhaust "available" remedies). He explains that he initiated the grievance process at MACC and submitted an RST. He then pursued his remedies after he was transferred to OSP by sending a grievance to Warden Province at MACC, but OSP's warden intercepted the grievance and returned it unanswered for failing to attach the RST. Although Mr. Hardeman had ten days to correct the deficiency, he instead attached his unanswered grievance to a new RST and sent that to Province. Province finally received it on May 24, 2007, but by then the time for submitting the grievance had expired. Nevertheless, Province responded to the grievance, indicating that Mr. Hardeman had been transferred to OSP because the internal affairs investigation showed that his medical condition, coupled with his activities,

---

[2]     Oklahoma's grievance process entails an informal complaint, and then three written steps: a Request to Staff ("RST"), a formal grievance to the facility head, and finally an appeal to the Administrative Review Authority ("ARA"). *See Thomas v. Parker*, 609 F.3d 1114, 1117 (10th Cir. 2010).

"constituted a clear danger to the security, control, and safety of the facility."

R. at 129. Province also reported that Sanders had been cleared of wrongdoing.

Mr. Hardeman subsequently attempted to complete the administrative process by appealing to the ARA, but his appeal was rejected, in part, because his grievance to Province was untimely.[3] Undeterred, Mr. Hardeman sought to grieve the same matters out-of-time, but the ARA denied his request. Now on appeal, Mr. Hardeman argues that the interference of OSP's warden rendered his remedies unavailable.

The problem with all this is that Mr. Hardeman never made this argument in the district court. Instead, he asserted, among many other things, that the ARA's denial of his request to submit the grievance appeal out-of-time was a final administrative decision that satisfied the exhaustion requirement. *See id.* at 332. Although he speculated at one point that prison officials were inhibiting his efforts to exhaust, he indicated that the impediment was the reviewing authority's refusal to answer a different grievance that sought restoration of his prior earned credit level. *See id.* at 334-36. Inexplicably, he also claimed that he exhausted by engaging in an internal affairs review and filing (something) with risk management and the attorney general's office. *See id.* at 691, 800. But Mr. Hardeman advances none of these theories on appeal.

---

[3]     The ARA's other reason for returning the appeal unanswered was that it raised more than one issue. We recently ruled that the ARA has no authority to reject an appeal because it contains multiple issues. *See Little*, 607 F.3d at 1250.

This court "should not be considered a 'second-shot' forum, a forum where secondary, back-up theories may be mounted for the first time on appeal." *Tele-Commc'ns, Inc. v. Comm'r.*, 104 F.3d 1229, 1233 (10th Cir. 1997). "[A]n issue must be presented to, considered and decided by the trial court before it can be raised on appeal." *Id.* (quotations and brackets omitted). We recognize that Mr. Hardeman is proceeding pro se, but we have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted). Mr. Hardeman did not previously contend that he was unable to properly exhaust due to the interference of OSP's warden, and his failure to raise that argument in the district court renders it waived on appeal.

As for Mr. Hardeman's remaining three arguments, we find them wholly unpersuasive. He contends Morgan and Brown were not entitled to judgment on the retaliation claim because there was conflicting evidence of retaliatory intent. Our review discloses no evidence of retaliation, however. Instead, as the district court correctly recognized, the evidence indicates that Mr. Hardeman was transferred due to the ongoing internal affairs investigation and his history of promiscuity, which potentially exposed other inmates to HIV. He was also transferred for his own safety. Moreover, Mr. Hardeman violated a prison ban on sexual activity among inmates and potentially violated state law. Against all this evidence, Mr. Hardeman offered nothing but bald allegations of retaliation. *See*

*Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990) ("Mere allegations of constitutional retaliation will not suffice; plaintiff[] must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."). Under these circumstances, the claim is meritless.

Mr. Hardeman's next contention is also meritless. He maintains the district court erred in granting summary judgment on his ADA claim. But he offers no authority to counter the court's ruling that unprotected sex in prison by HIV-positive inmates is not a major life activity under the ADA. *See generally Robertson v. Las Animas County Sheriff's Dep't*, 500 F.3d 1185, 1193-94 (10th Cir. 2007) ("A disability within the meaning of the ADA is . . . 'a physical or mental impairment that substantially limits one or more . . . major life activities' of an individual.") (quoting 42 U.S.C. § 12102(1)(A)); *see also id.* at 1194 (observing that the term "major life activities" under the ADA "refers to those activities that are of central importance to daily life and includes such basic abilities as walking, seeing, and hearing" (quotation omitted)).

Mr. Hardeman finally contends the district court failed to rule on his motion to compel discovery. Given the court's disposition, however, the court denied as moot all pending motions, including the motion to compel. There was no error.

There is, however, one lingering issue pertaining to the nature of the district court's dismissal. Our cases hold that under the present circumstances,

dismissals for failure to exhaust must be without prejudice. *See Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (remanding to allow district court to clarify that its dismissal of claims for failure to exhaust was without prejudice); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139-40 (10th Cir. 2005) (same). The district court did not specify that its dismissal of the unexhausted claims was without prejudice, so we must remand to allow the court to clarify accordingly.

III

The judgment of the district court is AFFIRMED, but the case is REMANDED with instructions to clarify that the unexhausted claims are dismissed without prejudice.

Entered for the Court

Bobby R. Baldock
Circuit Judge