**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 10, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RUBBY R. ALCIVAR,

   Plaintiff-Appellant,

v.

MICHAEL W. WYNNE,<sup>*</sup> Secretary,
Department of the Air Force,

   Defendant-Appellee.

No. 06-1269

(D. Colo.)

(D.C. No. 05-CV-293-REB-MJW)

---

**ORDER AND JUDGMENT**<sup>**</sup>

---

Before **HENRY**, Chief Judge, **EBEL**, and **TYMKOVICH**, Circuit Judges.

---

   Rubby R. Alcivar appeals the district court's dismissal of her employment discrimination and retaliation action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction due to her failure to exhaust administrative remedies before filing suit. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

---

   <sup>*</sup>Michael W. Wynne is substituted for Peter Geren as defendant-appellee pursuant to Fed. R. App. P. 43(c)(2).

   <sup>**</sup> This order and judgment is not binding precedent except under the doctrines of the law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

### A.  Factual Background

Ms. Alcivar is a forty-seven-year-old Hispanic woman who suffers from a disability related to her back.  In November 2002, she began working for the United States Department of the Air Force (USAF) at Peterson Air Force Base in Colorado as an Information Systems Specialist with the Health and Wellness Center.  In the first four months of 2003, she filed three complaints with the Air Force Equal Employment Opportunity (EEO) Office.  Her first complaint alleged discrimination based on national origin.  Her second complaint alleged that the Air Force retaliated against her after she filed her first complaint and discriminated against her based on national origin, age, and physical disability.  In her third complaint, she asserted ongoing retaliation and discrimination, based on race, national origin, sex, age, and physical disability.

Ms. Alcivar's supervisor terminated her employment on April 25, 2003.  At a mediated settlement conference, held on July 2 of the same year, she accepted a transfer of employment to a Voucher Examiner position and, later that day, signed a Negotiated Settlement Agreement (NSA).  Under the terms of the NSA, she agreed to withdraw her EEO complaints and not to file a lawsuit under the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e-5(f)(3), or under the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*.  Aplt. App. at 90.  The

2

NSA resolved all disputes based upon the facts set forth in her EEO complaints. *Id.* at 91.

On August 11, 2003, Ms. Alcivar began her new job as a Voucher Examiner. She received verbal notice on March 25, 2004, that the job would be eliminated due to a reduction in force. On April 1, she filed an agency EEO complaint labeled "Breach of Negotiated Settlement Agreement (NSA), Complaint of Discrimination," alleging that the Air Force's elimination of her job violated the NSA. *Id.* at 93; *see also* 29 C.F.R. § 1614.504(a) (providing that if an employee believes an agency has failed to comply with a settlement agreement, the employee must notify the EEO Director of noncompliance and, notably, may request that the terms of the agreement be implemented *or* that the prior EEO complaint be reinstated for further processing from the point in time that processing ceased). As a remedy for the alleged breach, Ms. Alcivar requested that she "be kept in the [Voucher Examiner] position or be reassigned to another position that will last until 31 Jul 05 in accordance with the terms of the NSA which is a legal contract." Aplt. App. at 93. The Air Force decided that the NSA had not been breached.

Ms. Alcivar appealed to the Equal Employment Opportunity Commission (EEOC), again alleging breach of the NSA. Even though Ms. Alcivar included in her EEOC complaint a detailed description of all her prior agency EEO proceedings and claims and requested that she be placed in a full-time position

3

and compensated for discrimination, she argued only that the Air Force breached the NSA. Her recitation of the procedural facts and request for compensation did not explicitly raise an issue other than breach, since she only had an administrative ruling as to that one claim. The EEOC denied her appeal and concluded that the Air Force had not breached the NSA. *Id*. at 73-74. Later, the EEOC denied her request for reconsideration and gave her notice of her right to file a civil action (a right-to-sue letter) with respect to the breach of the NSA.

B. Procedural Background

After losing her appeal with the EEOC, Ms. Alcivar initiated this suit in the district court pro se, but the district court eventually granted her request for appointment of counsel. Her appointed counsel filed the "Third Amended Complaint" which became the operative complaint in this action. Count I of the complaint asserts a claim for race and national origin discrimination based on alleged actions occurring in 2003. Count II asserts two claims for retaliation in violation of Title VII; the first based on alleged actions in 2003, and the second inexplicably raised a new claim – never before raised – based on alleged actions in 2004 ("the 2004 retaliation claim"). Count III asserts a claim for violation of the Rehabilitation Act based on alleged actions occurring in 2003. The complaint does not contain a federal claim for breach of the settlement agreement. Although the complaint contains various state law claims, Ms. Alcivar conceded below that

4

the USAF had not waived sovereign immunity for these claims, so they are not at issue in this appeal.

On October 25, 2005, USAF filed a motion to dismiss for lack of jurisdiction, asserting that Ms. Alcivar could not bring suit for her 2003 claims because they had been resolved by the NSA and she had not elected to reinstate her claims administratively. The motion to dismiss also asserted that Ms. Alcivar had not exhausted her administrative remedies as to her 2004 retaliation claim.

The district court granted this motion to dismiss, determining that Ms. Alcivar was precluded from asserting her 2003 claims de novo in district court because (1) the NSA "worked a complete waiver of the claims plaintiff seeks to assert in this lawsuit," Aplt's App. at 147 (Dist. Ct. Order), and the merger and integration clause precluded her from introducing extrinsic evidence of prior oral representations or fraudulent inducement; (2) Ms. Alcivar had elected in district court to file suit on her underlying claims and thus could not rely on the alleged breach of the NSA as the source of jurisdiction for her claims; and, relatedly, (3) Ms. Alcivar did not exhaust her underlying 2003 claims. The court also dismissed her 2004 retaliation claim because she had not exhausted her administrative remedies.

Ms. Alcivar filed a timely motion for reconsideration challenging all of the district court's rulings. The district court denied the motion for reconsideration, but concluded:

I do agree with plaintiff that I erred in finding that the merger and integration clause of her settlement agreement with defendant precluded her from introducing extrinsic evidence of prior oral representations where she has alleged fraudulent inducement. Nevertheless, because my conclusion that plaintiff has failed to exhaust her administrative remedies with respect to her putative Title VII claims is sufficient in itself to warrant dismissal of her suit, any error in this regard is ultimately harmless.

Aplt's App. at 173 n.1 (Dist. Ct. Order Denying Reconsideration).

Ms. Alcivar timely filed notice of appeal. In the months since both parties submitted their original set of briefs, the Supreme Court ruled in *Jones v. Bock*, 127 S.Ct. 910 (2007), that, at least under the Prison Litigation Reform Act (PLRA), exhaustion is an affirmative defense and not a pleading requirement. At the request of this court, both parties submitted supplemental briefing on whether the holding in *Jones v. Bock* has any effect on the district court's finding a failure to exhaust in the present Title VII case.

## II. DISCUSSION

We review de novo a district court's dismissal for lack of subject matter jurisdiction and its findings of jurisdictional fact for clear error. *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1104-05 (10th Cir. 2002). Ms. Alcivar had the "burden . . . to establish the court's subject matter jurisdiction by a preponderance of the evidence." *Southway v. Cent. Bank of Nig.*, 328 F.3d 1267, 1274 (10th Cir. 2003). A finding of fact is clearly erroneous if there is no factual

6

support in the record or if the appellate court firmly and definitely believes that a mistake has been made.  *McBride*, 281 F.3d at 1105.

### A) The effect of *Jones v. Bock*

*Jones v. Bock* held that under the PLRA exhaustion is an affirmative defense to be raised by the defendant and not a jurisdictional pleading requirement of the plaintiff. 127 S.Ct. 910, 919 (2007).  The question before us is whether *Jones* has any effect on the district court's finding of failure to exhaust in the present Title VII case.  Because USAF raised exhaustion properly, we hold *Jones* does not affect this case.

The Tenth Circuit has consistently held that "exhaustion . . . is a jurisdictional prerequisite to suit under Title VII – not merely a condition precedent to suit."  *Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).  "If exhaustion is a jurisdictional requirement, the district court *must* always dismiss if there has been a failure to exhaust.  If exhaustion is not jurisdictional, the court must dismiss only if the issue has been properly presented for decision."  *McQueen ex rel. McQueen v. Colorado Springs School Dist. No. 11*, 488 F.3d 868, 873 (10th Cir. 2007) (citing *Jones*, 127 S.Ct. at 918-19) (emphasis in original).  Ultimately the *McQueen* court did not need to decide whether exhaustion is jurisdictional because "[t]he characterization is important . . . only when the defendant has waived or forfeited the issue . . . ."  *Id.*  Similarly,

7

since USAF did not waive or forfeit the issue, it is not now necessary to decide whether exhaustion is jurisdictional under Title VII after *Jones*.[1]

USAF undoubtedly preserves exhaustion with respect to all claims as a defense in the answer to the Third Amended Complaint. Aplt.'s App. at 56 (stating as its second defense, "Plaintiff did not properly exhaust her administrative remedies."). It is also incontestable that USAF argued failure to exhaust as to the 2004 retaliation claims in its motion to dismiss. Aplt.'s App., at 6-8. However, Ms. Alcivar argues that USAF did not raise failure to exhaust with respect to the 2003 discrimination and retaliation claims underlying the NSA, since the motion to dismiss did not use the term "exhaustion" in its discussion of those claims.

Even though USAF did not label its argument below regarding the 2003 claims specifically as "exhaustion," it is, substantively, just that. When a complainant believes that a an employer has breached a settlement agreement, "[t]he complainant may request that the terms of the settlement agreement be

---

[1]Though we do not need to decide the issue here, we reiterate one important difference between Title VII and PLRA cases, which we first flagged in *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160 (10th Cir. 2007). There, we noted that unlike with PLRA cases, which "are typically brought under 42 U.S.C. § 1983, which does not require exhaustion at all," *Jones*, 127 S.Ct. at 919, "the filing deadlines associated with a Title VII charge are integrated into the [Title VII] statutory section." *Montes*, 497 F.3d at 1168. Although *Montes* was about filing deadlines and not administrative exhaustion, the same logic would apply. Unlike in the PLRA cases, the very statute that gives Title VII plaintiffs a federal cause of action is the same statute that supplies the exhaustion requirement.

8

specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased." 29 C.F.R. § 1614.504(a). USAF argues that the district court did not have jurisdiction to hear Ms. Alcivar's claim because, at the time of filing an administrative complaint about the breach of the NSA, pursuant to § 1614.504(a), she elected to enforce the terms of the settlement agreement rather than requesting that her underlying complaint be reinstated. Having made this election, she received a right-to-sue letter only as to the breach of the NSA claim; the discrimination claims are unexhausted and, in fact, cannot be exhausted, as they are waived. "[A] plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." *Simms v. Oklahoma ex rel. Dept. of Mental Health & Substance Abuse Serv.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

Again, a plaintiff asserting that an NSA has been breached has two options: (1) a suit for breach of the settlement agreement, *Snider v. Circle K Corp.*, 923 F.2d 1404, 1408 (10th Cir. 1991); or (2) a suit for de novo review of her underlying discrimination claims, *Saksenasingh v. Sec'y of Educ.*, 126 F.3d 347, 348 (D.C. Cir. 1997). A plaintiff may not simultaneously sue to enforce the NSA and seek to recover on the underlying claims of discrimination and retaliation. *Kirby v. Dole*, 736 F.2d 661, 664 (11th Cir. 1984). Even though Ms. Alcivar elected to enforce the NSA at the administrative level, her court-

9

appointed attorney regrettably chose the second option. Because Ms. Alcivar's counsel did not raise the breach claim – the only one for which she received a right-to-sue letter – at the district court level, that court did not have jurisdiction as to any of her underlying claims.

Thus, even though USAF did not explicitly name it as such, this argument regarding Ms. Alcivar's election to enforce the settlement agreement rather than reinstate the 2003 underlying claims is an argument that she failed to exhaust her administrative remedies. *Jones v. Bock* does not affect this case because the USAF raised exhaustion as an affirmative defense both in its answer to the complaint and its motion to dismiss.

B) The 2003 claims

Concluding that USAF does raise exhaustion of the 2003 claims as an affirmative defense and that the court could properly discuss it, we must now review the district court's findings of jurisdictional fact for clear error. *McBride*, 281 F.3d at 1104-05.

Ms. Alcivar argues that the district court has jurisdiction to hear her 2003 discrimination and retaliation claims underlying the NSA, because the NSA is "inextricably linked" to Title VII. Aplt.'s Br. at 22 (citing *Snider v. Circle K Corp.*, 923 F.2d 1404, 1407 (10th Cir. 1991)). We have held that Title VII exhaustion is not required when a litigant seeks to enforce a Title VII settlement

10

agreement. *See Cisneros v. ABC Rail Corp.*, 217 F.3d 1299, 1305-06 (10th Cir. 2000). The holding in *Cisneros*, however, does not apply in this case because Ms. Alcivar's complaint did not seek enforcement of the NSA. Because Ms. Alcivar chose not to raise her administratively exhausted breach claim in district court, she cannot rely on that claim to give the court jurisdiction over her *unexhausted* 2003 underlying claims.

In her 2004 EEO and EEOC proceedings, Ms. Alcivar sought to enforce the NSA, asserting that it had been breached, but she did not request reinstatement of her 2003 discrimination and retaliation claims. In the district court, however, Ms. Alcivar did the opposite – she did not allege that USAF breached the NSA; instead, she asserted only the underlying discrimination and retaliation claims. The district court only has jurisdiction to hear those claims that have been administratively exhausted. Because Ms. Alcivar elected not to reinstate her underlying claims at the administrative level, and elected not to raise a federal breach claim in the district court, the court did not err in finding that it did not have jurisdiction.

C) 2004 retaliation claim

We review this finding of jurisdictional fact for clear error. *McBride*, 281 F.3d at 1104-05.

"Each incident of discrimination and each retaliatory adverse employment

11

decision constitutes a separate actionable unlawful employment practice," *Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (internal quotation marks omitted), and hence each claim must be exhausted before resorting to the courts. In *Morgan*, this rule barred a plaintiff from suing on claims for which no administrative remedy had been sought when these incidents occurred prior to the filing of the EEO complaint. The Tenth Circuit has held that this rule also applies to claims based on incidents that occurred after the plaintiff filed her EEOC complaint. *Martinez v. Potter*, 347 F.3d 1208, 1210-11 (10th Cir. 2003). Nothing in the record indicates that Ms. Alcivar filed an EEO complaint concerning the alleged 2004 retaliation – the May 5, 2004 termination of her employment due to the reduction in force – which she contends occurred as a consequence of her filing EEO and EEOC complaints.

It is also worth noting that she had already received verbal notice of her termination before she filed her 2004 complaint. That complaint only asserted that USAF had breached the NSA; it did not claim that elimination of her job was retaliatory. Nor did she file a separate complaint claiming retaliation.

Therefore, the district court did not commit clear error by finding that Ms. Alcivar had failed to exhaust her 2004 retaliation claims.


D) Extrinsic evidence of fraud

When reviewing a district court's harmless error analysis we review the

12

court's conclusions of law de novo and its findings of fact, if any, for clear error. *Duckett v. Mullin*, 306 F.3d 982, 1001 (10th Cir. 2002).

In its original order granting the motion to dismiss, the district court held that the NSA worked a complete waiver of the underlying claims, and that Ms. Alcivar could not introduce extrinsic evidence to support her claim that USAF fraudulently induced her into signing the NSA. She claims that USAF falsely promised her that the Voucher Examiner position would become permanent after a year and that she could apply for other positions as soon as she began working in that one. The district court originally held that the NSA's "merger and integration" clause precludes Ms. Alcivar from introducing evidence of any prior agreements. That clause reads:

> This agreement constitutes the complete understanding between the Complainant and the Agency with respect to the matters encompassed herein and supersedes all prior and contemporaneous discussions, agreements, understandings, etc., whether oral or written. . . . No other promises or agreements will be binding unless signed by both parties.

Aplt's App. at 85 (Def. Motion App., Exh. 1 at 2, ¶ 6).

However, Ms. Alcivar, in her motion to reconsider, argues that the rule against introducing extrinsic evidence involving unambiguous, integrated contracts does not apply when allegations of fraud are introduced. Aplt. App. at 156 (citing *Boyer v. Karakehian*, 915 P.2d 1295, 1299 (Colo. 1996)).

In its response to the motion to reconsider, Judge Blackburn conceded, in a footnote, that Ms. Alcivar was right on the merger and integration clause point,

13

but that it was harmless error because failure to exhaust on its own is sufficient grounds for dismissal. Because we conclude that the district court did not err in dismissing for failure to exhaust, the error was harmless.

E) Request to amend the complaint

Ms. Alcivar requested for the first time in her reply brief (and again at oral argument) that we allow her to amend her complaint to include a federal claim for breach of the NSA. "This court does not ordinarily review issues raised for the first time in a reply brief." *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). Amendment of complaints is to be allowed only if the amendment is procedural and not substantive. *Brennan v. Univ. of Kan.*, 451 F.2d 1287, 1289 (10th Cir. 1971). Ms. Alcivar argues that amending her complaint to include the breach claim would be procedural, but it is clearly substantive. The mere fact that it would have the procedural effect of conferring jurisdiction does not mean it is not a new substantive claim. It is. Ms. Alcivar could have raised her breach claim in her Third Amended Complaint (prepared after the court appointed counsel for her), but she chose not to do so. Under the circumstances of this case, we see no reason to deviate from the general rule against amending complaints.

### III.  CONCLUSION

Accordingly, we AFFIRM the district court's dismissal of all claims for failure to exhaust.

Entered for the Court,


Robert H. Henry
Chief Judge