**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 20, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LORRIE LOGSDON,

        Plaintiff–Appellant,

v.

TURBINES, INC.,

        Defendant–Appellee.

No. 09-6296
(D.C. No. 5:08-CV-01009-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **LUCERO**, and **MURPHY**, Circuit Judges.

Lorrie Logsdon sued her employer, Turbines, Inc., for employment discrimination and retaliation. The district court granted summary judgment to Turbines and denied Logsdon's post-judgment motion. Logsdon appeals both decisions, challenging only the district court's determination that she failed to exhaust her administrative remedies regarding her claims of wrongful termination.

_____

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction under 28 U.S.C. § 1291, we vacate the district court's judgment and remand with instructions to dismiss the termination claims.

**I**

Logsdon began working for Turbines in 1999. On October 4, 2007, Turbines suspended her in order to investigate allegations that she had overstepped her authority and had acted violently toward her co-workers. Turbines terminated her employment on October 10, 2007.

Logsdon brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"), claiming Turbines discriminated against her on the basis of her sex and age and retaliated against her for engaging in protected activity. She raised six claims, three of which dealt with the termination of her employment and three of which dealt with disciplinary actions, demotion, and failure to promote. Only the three termination claims are at issue in this appeal.

Turbines moved for summary judgment, arguing that on the termination claims, Logsdon failed to exhaust her administrative remedies, because the formal Charge of Discrimination ("Charge") Logsdon filed with the Equal Employment Opportunity Commission ("EEOC") did not identify her termination among the "particulars" of her charge. In response, Logsdon relied on statements in a five-page, single-spaced narrative ("Timeline") she prepared for presentation to

the EEOC. The Timeline's sole reference to her termination read as follows: "The day I was fired[, Turbines' general manager] stated that it was a decision of the corporate office to terminate my position. Because I was not a team player. I stated that I had filed with the EEOC and that I had talked to a lawyer." Logsdon also noted that Turbines had addressed her discharge in a position statement submitted to the EEOC and claimed that her discharge was the primary subject of an EEOC mediation.

The district court granted summary judgment to Turbines, concluding that the termination claims failed as a matter of law because Logsdon failed to exhaust her administrative remedies.

Logsdon then filed a motion for a reconsideration and a new trial under Federal Rules of Civil Procedure 59 and 60. She contended that documents she obtained from the EEOC shortly after the district court's judgment bolstered her claim of exhaustion. Specifically, she pointed to a General Intake Questionnaire she submitted to the EEOC on October 9, 2007, the day before she was fired. In it, she checked off that she was claiming discrimination based on age, retaliation, and equal pay. In response to a question asking her what employment event caused her to contact the EEOC, Logsdon wrote "discipline, demotion, failure to advance." As a remedy, she sought a "promotion" and a "policy change." When asked "what happened and why you feel the incident is discriminatory," she wrote "see attachment." In the post-judgment motion, she claimed the attachment was

the Timeline discussed above. The district court treated the motion as a Rule 59 motion and denied it, concluding that the reference in the Timeline was summary and therefore inadequate to put either the EEOC or Turbines on notice that she was contesting her discharge. This appeal followed.

## II

In this circuit, the exhaustion of administrative remedies remains a jurisdictional prerequisite to bringing suit under Title VII or the ADEA.[1] Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005) (ADEA); Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996) (Title VII).[2] "[E]ach discrete

---

[1] Often, whether exhaustion is jurisdictional only matters to determine if the case is dismissed for lack of subject matter jurisdiction or instead disposed of on summary judgment. See, e.g., McQueen ex rel. McQueen v. Colo. Springs Sch. Dist. No. 11, 488 F.3d 868, 873 (10th Cir. 2007) (explaining that "[i]f exhaustion is a jurisdictional requirement, the district court must always dismiss if there has been a failure to exhaust. If exhaustion is not jurisdictional, the court must dismiss only if the issue has been properly presented for decision," as opposed to being waived or forfeited). The question is only dispositive when a defendant has waived or forfeited the issue. Id. Here, Turbines failed to raise lack of exhaustion as an affirmative defense—so if it were not jurisdictional, the exhaustion argument would be waived. See, e.g., Jones v. Mukasey, 565 F. Supp. 2d 68, 74 (D.D.C. 2008) ("[E]xhaustion is generally considered to be an affirmative defense falling within the scope of Fed R. Civ. P. 8(c).").

[2] Even at the time Jones and Shikles were decided, we recognized our approach as the minority view—most circuits considered Title VII and ADEA exhaustion to be affirmative defenses. See Jones, 91 F.3d at 1399; cf. Shikles, 426 F.3d at 1317. And after we decided Shikles, the Supreme Court held that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." Arbaugh v. Y & H Corp., 546 U.S. 500, 516 (2006). Moreover, our circuit's view that EEOC exhaustion is jurisdictional was undermined by the Supreme Court's statement in

(continued...)

incident of [discriminatory or retaliatory] treatment constitutes its own unlawful employment practice for which administrative remedies must be exhausted." Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003) (quotation omitted). Suspension, failure to promote, and termination are three such discrete incidents. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114-15 (2002).

The district court concluded that Logsdon failed to exhaust her administrative remedies on her termination claims, but then granted summary judgment to Turbines rather than dismissing those claims. Regardless, whether it is viewed as a dismissal for lack of jurisdiction or as a grant of summary judgment, we review the district court's disposition, and the related denial of the Rule 59 motion, de novo. Somoza v. Univ. of Denver, 513 F.3d 1206, 1211 (10th Cir. 2008) (summary judgment grant reviewed de novo); McBride v. CITGO Petroleum Corp., 281 F.3d 1099, 1104-05 (10th Cir. 2002) (dismissal for failure to exhaust reviewed de novo); Skaggs v. Otis Elevator Co., 164 F.3d 511, 514

---

[2](...continued)
Jones v. Bock that "courts typically regard exhaustion as an affirmative defense in other contexts," and its holding that statutory silence provides "strong evidence that the usual practice should be followed, and the usual practice under the Federal Rules [of Civil Procedure] is to regard exhaustion as an affirmative defense." 549 U.S. 199, 212 (2007).

The Tenth Circuit is the only circuit in which EEOC exhaustion is still considered jurisdictional. Nevertheless, "[w]e cannot overrule the judgment of another panel of this court," and "are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." In re Smith, 10 F.3d 723, 724 (10th Cir. 1993).

(10th Cir. 1998) (Rule 59 motion denial reviewed de novo where disposition "turns on an issue of law").

In determining whether a plaintiff has exhausted administrative remedies, "our inquiry is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory <u>acts</u> alleged in the administrative charge. In other words, the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim." <u>Jones v. United Parcel Serv., Inc.</u>, 502 F.3d 1176, 1186 (10th Cir. 2007). We conclude that the EEOC cannot reasonably have been expected to investigate Logsdon's termination claims.

We first consider Logsdon's filings with the EEOC. Her sole reference to discharge occurred in her Timeline, and was, as she concedes, "remote." Indeed, the description in the Timeline of her demotion, failure to promote, and disciplinary claims was quite detailed but the reference to her discharge was fleeting. It is entirely unclear from the Timeline that she was complaining about her discharge to the EEOC. Moreover, as she has admitted on appeal, the Timeline was not submitted with her October 9 General Intake Questionnaire, as she alleged in her Rule 59 motion. Instead, it was submitted sometime after her termination on October 10 and before the Charge was drafted by the EEOC and

-6-

sent to her for review and signature.[3]  Logsdon had the opportunity to review the Charge before signing it on November 20, 2007, but she did not add the termination claims to the Charge.  Because of that failure, it was not reasonable to expect the EEOC to investigate her discharge as discriminatory or retaliatory based solely on the prior, "remote" reference to the discharge in the Timeline.

Logsdon also points to Turbines' reference to her discharge in the position statement it submitted to the EEOC.  But this offers her no assistance.  Because the termination claims were omitted from the Charge, it would not be reasonable to expect the EEOC to investigate those claims based on the discussion of her discharge in Turbines' position statement.

Finally, Logsdon argues that exhaustion is supported by the fact that the EEOC mediated her termination claims.  This argument is poorly taken. Information revealed while the EEOC is performing its informal mediation function cannot be revealed in subsequent proceedings, 42 U.S.C. § 2000e-5, including those in which the EEOC performs its investigative and litigation functions.  See Am. Ctr. for Int'l Labor Solidarity v. Fed. Ins. Co., 548 F.3d 1103, 1105 (D.C. Cir. 2008).  Thus, assuming the EEOC mediated Logsdon's termination claims, the subject matter of the mediation has no bearing on the

---

[3]    This is the EEOC's general practice, see Edelman v. Lynchburg College, 535 U.S. 106, 115 n.9 (2002) (noting that "[t]he general practice of EEOC staff members is to prepare a formal charge of discrimination for the complainant to review and to verify, once the allegations have been clarified"), and the one Logsdon states was used here.

-7-

scope of the investigation that reasonably could be expected to follow from her

Charge, which is the basis for determining exhaustion. See Jones, 502 F.3d at

1186 . As noted above, Logsdon's Charge and related documents were inadequate

to prompt the EEOC to investigate her termination claims.

### III

For the foregoing reasons, we conclude that the district court correctly

determined Logsdon failed to exhaust her administrative remedies as to her

termination claims. However, the district court erred in granting summary

judgment to Turbines on those claims, and instead should have dismissed those

claims for lack of jurisdiction. See Shikles, 426 F.3d at 1318. Accordingly, we

**VACATE** the district court's judgment in favor of Turbines as to the termination

claims only, and we **REMAND** with instructions to **DISMISS** the termination

claims for lack of subject matter jurisdiction.

Entered for the Court

Carlos F. Lucero
Circuit Judge