FILED
United States Court of Appeals
Tenth Circuit

March 22, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

BARRY C. PRETLOW,

        Plaintiff-Appellant,

v.

SHAWN M. GARRISON; RAMON G.
MARTINEZ; SCOTT JENNINGS;
JAMES CROFOOT; MICHAEL
MOWLES; MICHAEL BARRETT;
JOHN DOE, 1-6; UNITED STATES
OF AMERICA,

        Defendants-Appellees.

No. 10-6206
(D.C. No. 5:10-CV-00675-D)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Plaintiff Barry C. Pretlow initiated this action in state court, invoking both

state and federal law.  His claims arise out of his employment at Tinker Air Force

Base, where he worked as a sheet-metal mechanic until his termination in June of

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2010.  The individual defendants, all officials of the United States, removed the action to federal district court under 28 U.S.C. § 1442(a)(1).  The district court upheld removal over Mr. Pretlow's objection, substituted the United States as a defendant, and ultimately dismissed the action on various jurisdictional grounds.  Mr. Pretlow timely appealed.[1]  We affirm the dismissal of the action, though in certain respects for reasons not previously explained to Mr. Pretlow, and remand for the dismissal to be made without prejudice.[2]

Mr. Pretlow alleged defendants defamed and discriminated against him in connection with his employment at Tinker Air Force Base.  He also alleged they retaliated against him in response to his whistleblowing activities.  His pro se pleadings give little detail regarding the nature of his and defendants' activities, but our disposition turns, rather, on basic legal principles regarding preemption, exhaustion of administrative remedies, and sovereign immunity.  We begin by considering the removal of this action to federal court.

---

[1]     Confusion regarding an amended notice of appeal led to the opening of a second appeal, No. 10-6220.  That appeal has been administratively closed.

[2]     We may affirm on any legal grounds supported by the record, even if not relied upon by the district court.  *Garcia v. Lemaster*, 439 F.3d 1215, 1215 (10th Cir. 2006).  Given the added complexity of the case and the need to augment the district court's stated rationale to account for it, we grant Mr. Pretlow's motion to proceed in forma pauperis (IFP) on appeal.  *See generally Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007) (clarifying that court of appeals may grant IFP under Fed. R. App. P. 24 even when, as here, district court certified appeal was not taken in good faith under 28 U.S.C. § 1915(a)(3)).

## I. Removal

We review the district court's ruling on the propriety of removal de novo. *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006). As mentioned, this case was removed under 28 U.S.C. § 1442, which affords the federal government, its officers, and agencies a generous removal mechanism over and above that provided by the general removal statute, 28 U.S.C. § 1441, to all defendants:

> Because it is so important to the federal government to protect federal officers, removal rights under section 1442 are much broader than those under section 1441. Federal officers can remove both civil and criminal cases, while section 1441 provides only for civil removal. Unlike other defendants, a federal officer can remove a case even if the plaintiff couldn't have filed the case in federal court in the first instance. And removals under section 1441 are subject to the well-pleaded complaint rule, while those under section 1442 are not. Whereas all defendants must consent to removal under section 1441, a federal officer or agency defendant can unilaterally remove a case under section 1442.

*Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) (citations omitted). The federal removal statute provides, in pertinent part, for removal by federal defendants "sued in an official or individual capacity for any act under color of [their] office." 28 U.S.C. § 1442(a)(1). There is, however, an additional constraint, derived from longstanding case law against which the statute has been construed: "removal [under § 1442] must be predicated on the allegation of a colorable federal defense." *Mesa v. California*, 489 U.S. 121, 129 (1989).

Both of these requirements were met here. The actions at issue, relating to the supervision and discipline of Mr. Pretlow in connection with his employment at Tinker Air Force Base, were clearly taken by defendants under color of their federal offices.[3] And as our discussion of federal preemption, exhaustion, and sovereign immunity below reflects, Mr. Pretlow's claims were subject to colorable–indeed, meritorious–federal defenses, even though he invoked state law in addition to federal law as the basis for those claims in his pleadings. On appeal, Mr. Pretlow contends in conclusory terms that removal was somehow effected through a "fraud on the court." This groundless contention reflects a fundamental misunderstanding of the legal concept invoked. Right or wrong–and we find them to be right–defendants were undeniably entitled to argue for removal on the basis that the actions complained of in Mr. Pretlow's pleadings were taken in connection with the duties of their offices.

## II. Preemptive/Exclusive Federal Remedies

Because Mr. Pretlow was a federal employee, his claims implicate three distinct lines of federal preemption/remedial exclusivity. Insofar as he complains

---

[3] The United States Attorney certified that defendants "were acting within the scope of their employment as employees of the United States at all times relevant to the allegations in th[is] case." R. Vol. 1 at 112. This certification is prima facie evidence on the point that Mr. Pretlow bore the burden of rebutting. *Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995). His conclusory allegations of improper motive failed to do so. *See, e.g.*, *Harrison v. United States*, 287 F. App'x 725, 727 (10th Cir. 2008).

of discrimination and associated retaliatory conduct, his exclusive remedy is provided by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, as the district court recognized. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976). This precludes claims asserted under the civil rights statutes, *see Ford v. West*, 222 F.3d 767, 772-73 (10th Cir. 2000); directly under the Constitution, *Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997); and under state anti-discrimination law, *Rivera v. Heyman*, 157 F.3d 101, 105 (2d Cir. 1998); *Schroder v. Runyon*, 1 F. Supp. 2d 1272, 1279 (D. Kan. 1998), *aff'd*, No. 98-3128, 1998 WL 694518, at *3 (10th Cir. Oct. 6, 1998) (unpub.).

Insofar as Mr. Pretlow asserts employment-related claims based on conduct distinct from the discrimination and retaliation addressed by Title VII, there is another source of federal preemption: the Civil Service Reform Act of 1978 (CSRA), Pub. L. No. 95-454, 92 Stat. 1111 (codified, as amended, in scattered sections of 5 U.S.C.). The CSRA established a comprehensive scheme for reviewing federal-personnel actions that preempts other federal and state claims complaining of prohibited employment practices and precludes claims asserted directly under the Constitution. *See Steele v. United States*, 19 F.3d 531, 532-33 (10th Cir. 1994); *Petrini v. Howard*, 918 F.2d 1482, 1483-85 (10th Cir. 1990). In particular, Mr. Pretlow's whistleblowing allegations implicate this preemption principle in light of the provisions added to the CSRA by the Whistleblower Protection Act of 1989 (WPA), Pub. L. No. 101-12, 103 Stat. 16 (1989) (codified

in scattered sections of 5 U.S.C.).  *See Richards v. Kiernan*, 461 F.3d 880, 885 (7th Cir. 2006) (collecting cases recognizing "that the CSRA provides the exclusive remedy for claims brought pursuant to the WPA").  Even if state law provides whistleblowing protections, *cf. Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1278 (10th Cir. 2003) (discussing Oklahoma cause of action for wrongful discharge based on retaliation for whistleblowing), a federal employee like Mr. Pretlow must look solely to the remedy provided in the CSRA, *see, e.g., Steele*, 19 F.3d at 532-33 (holding whistleblower's claims of retaliation involved activities covered, and hence preempted by, CSRA).

Finally, insofar as Mr. Pretlow asserts tort claims against the United States (that are not otherwise preempted by Title VII or the CSRA), the Federal Tort Claims Act (FTCA) provides the exclusive remedy.  *See Franklin Sav. Corp.v. United States (In re Franklin Sav. Corp.)*, 385 F.3d 1279, 1286-87 (10th Cir. 2004).  This is true even though Mr. Pretlow did not name the United States in his pleadings.  When, as here, federal employees are sued in tort for actions taken within the scope of their employment, the FTCA affords the employees absolute immunity and requires the plaintiff to proceed against the United States, whose sovereign immunity is waived in certain limited respects for this purpose.  *Salmon v. Schwarz*, 948 F.2d 1131, 1141-42 (10th Cir. 1991) (explaining effect of amendment to FTCA made by Federal Employees' Liability Reform and Tort Compensation Act of 1988, Pub. L. No. 100-694, 102 Stat. 4563 (1988)).

With this understanding of the principles of preemption and remedial exclusivity implicated by the claims asserted in Mr. Pretlow's pleadings, we now consider the substance and proper disposition of those claims.

### III.  Dismissal of the Action

### A.  Employment Discrimination Claims

For reasons explained above, the district court properly held that Mr. Pretlow's claims of discrimination and associated retaliation must be treated as Title VII claims.  The district court proceeded to dismiss these claims based on Mr. Pretlow's failure to exhaust administrative remedies, which in this circuit is a jurisdictional prerequisite to suit under Title VII, *see Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005); *Logsdon v. Turbines, Inc.*, No. 09-6296, 2010 WL 4118811, at *2 & n. 2 (10th Cir. Oct. 20, 2010) (unpub.) (noting that "EEOC exhaustion is still considered jurisdictional" in this circuit). On de novo review, *Khader v. Aspin*, 1 F.3d 968, 971 (10th Cir. 1993), we affirm the district court's ruling.

A plaintiff invoking the court's subject matter jurisdiction "must allege in his pleadings the facts essential to show jurisdiction" and, if challenged, must support those allegations by a preponderance of the evidence.  *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (quotation omitted); *see United States v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).  Thus, an

employment-discrimination plaintiff must "plead and show" exhaustion.[4] *Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1063 (10th Cir. 2002); *see Greenlee v. U. S. Postal Serv.*, 247 F. App'x 953, 955 (10th Cir. 2007) (noting exhaustion pleading requirement in connection with several employment claims, including Title VII). Mr. Pretlow clearly failed to do so. His pleadings neither assert nor factually demonstrate that he exhausted administrative remedies for his claims. Indeed, as the district court noted in its dismissal order, he "specifically alleges there are pending EEO complaints that remain under investigation." R. Vol. 1 at 143. "[I]t is well-settled that administrative remedies must first be fully exhausted" before suit is commenced. *Khader*, 1 F.3d at 971. On appeal, Mr. Pretlow again refers to EEO complaints without any indication that he pursued these to completion before filing this case. Under our precedent, the district court properly dismissed Mr. Pretlow's Title VII claims.[5]

---

[4] Some panel decisions have wondered aloud whether this circuit's characterization of exhaustion as a jurisdictional prerequisite for the plaintiff in the employment context might be revisited in light of the treatment of exhaustion as an affirmative defense under the Prison Litigation Reform Act in *Jones v. Bock*, 549 U.S. 199 (2007). *See, e.g., McQueen v. Colorado Springs Sch. Dist. No. 11*, 488 F.3d 868, 873 (10th Cir. 2007); *Logsdon*, 2010 WL 4118811 at *2 & n.2; *Alcivar v. Wynne*, 268 F. App'x 749, 753 (10th Cir. 2008); *but cf. Martinez v. Target Corp.*, 384 F. App'x 840, 845 n.2 (10th Cir. 2010) (concluding that "*Bock* is inapposite" to jurisdictional status of exhaustion requirement in employment cases). We remain, however, bound by extant circuit precedent on the matter. *Logsdon*, 2010 WL 4118811, at *2 n.2.

[5] The district court couched its dismissal in terms of failure to state a claim, which without express qualification is a prejudicial determination on the merits.

(continued...)

## B.  Whistleblower Claims

The district court's order does not address Mr. Pretlow's whistleblower allegations.  As explained earlier, these trigger preemption under the CSRA, not Title VII.  Nevertheless, Mr. Pretlow's CSRA/WPA claim would be fatally deficient for the same basic reason as his Title VII claims:  he did not plead or otherwise show that he exhausted his remedies under the CSRA.  *See Gardner v. United States*, 213 F.3d 735, 737 n.1 (D.C. Cir. 2000) (holding the "district court lacked subject matter jurisdiction of [plaintiff's] claims for alleged [WPA] violations . . ., because he failed to allege that he had exhausted his administrative remedies, as required under the [CSRA]"); *Ferry v. Hayden*, 954 F.2d 658, 661 (11th Cir. 1992) (holding "[plaintiff's] failure to exhaust his administrative remedies under the CSRA precludes judicial review of his allegations of improper agency action" in retaliation for whistleblowing).

## C.  Defamation Claim

The district court held that Mr. Pretlow's exclusive remedy for defamation by the federal defendants here was against the United States under the FTCA.  And, because the FTCA specifically excludes defamation from its waiver of

---

[5](...continued)
But a jurisdictional dismissal, here for lack of exhaustion, is a non-merits disposition to be made without prejudice.  We therefore must remand the matter to the district court to modify its judgment accordingly.  *See, e.g., Hardeman v. Sanders*, 396 F. App'x 551, 556 (10th Cir. 2010) (citing similar cases following this corrective procedure).

sovereign immunity, *see* 28 U.S.C. § 2680(h), the court held it could not exercise subject matter jurisdiction over Mr. Pretlow's claim. *Aviles v. Lutz*, 887 F.2d 1046, 1048-49 (10th Cir. 1989). With one non-dispositive caveat, explained in a moment, we agree with this analysis. As this court recognized in *Aviles*, 887 F.2d at 1049-50, and the Supreme Court subsequently confirmed in *United States v. Smith*, 499 U.S. 160, 165 (1991), the fact that the FTCA ultimately provides no remedy for Mr. Pretlow's defamation claim does not alter the fact that the FTCA displaces any other tort remedies he may be attempting to invoke.

Our only caveat is that defamation claims arising in the context of federal employment can fall within the preemptive scope of the CSRA rather than the FTCA. *See, e.g.*, *Mahtesian v. Lee*, 406 F.3d 1131, 1134-35 (9th Cir. 2005); *Roth v. United States*, 952 F.2d 611, 614-15 (1st Cir. 1991). This court's decision in *Petrini v. Howard* provides helpful guidance as to where, in this respect, the CSRA ends and the FTCA begins. There, we held that allegations regarding unfavorable employment evaluations "clearly describe matters covered by the [CSRA]" and hence "tort claims based on these [allegations] are preempted by the CSRA." 918 F.2d at 1485. On the other hand, we held that defamation claims "based on the alleged publication of false statements regarding a disease [the plaintiff teacher] contracted from a student" were "arguably outside the scope of the CSRA" and remanded for consideration under the FTCA. *Id.* While his allegations are conclusory, it appears that some or all of the defamation of which

-10-

Mr. Pretlow complains may fall within the scope of the CSRA. As noted above, however, this would not alter the disposition here. Considered under the CSRA, his claims would necessarily fail for lack of exhaustion.

## Conclusion

In sum, this case was properly removed to federal court and dismissed for various jurisdictional deficiencies. Mr. Pretlow's claims involving employment discrimination and associated retaliation were preempted by Title VII and failed for lack of demonstrated exhaustion of administrative remedies. His allegations of retaliation for whistleblowing were preempted by the CSRA and likewise failed for lack of exhaustion. Finally, his defamation claim was either preempted by the FTCA and barred by sovereign immunity, or preempted by the CSRA and barred for lack of exhaustion.

We AFFIRM the judgment of the district court, but REMAND for the court to clarify that the action is dismissed without prejudice on jurisdictional grounds. We GRANT appellant's motion for leave to proceed in forma pauperis on appeal.

Entered for the Court


Bobby R. Baldock
Circuit Judge

-11-