**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 27, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BARRY C. PRETLOW,

　　　　Plaintiff–Appellant,

v.

RICHARD McPHERSON,

　　　　Defendant–Appellee.

No. 12-6122

(D.C. No. 5:12-CV-00368-D)

(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Plaintiff was denied unemployment compensation benefits by the Oklahoma

Employment Security Commission. He filed a petition in the state court for judicial

review of the agency decision, but the state court dismissed the petition for lack of

jurisdiction based on Plaintiff's failure to name all necessary parties. The state appellate

court affirmed. Plaintiff then filed the instant action under 42 U.S.C. § 1983 against the

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

agency's executive director, alleging the agency and state court decisions violated his constitutional rights and seeking monetary damages for his alleged injury. The district court dismissed the action without prejudice pursuant to the *Rooker/Feldman* doctrine. The district court concluded that dismissal was appropriate on an alternate ground as well—Plaintiff did not allege any facts that would establish Defendant's personal liability for the agency's decision, and, to the extent the complaint was brought against Defendant in his official capacity, it was barred by the state agency's Eleventh Amendment immunity.

Insofar as Plaintiff's complaint directly challenged the state court proceedings, it was appropriately dismissed under *Rooker/Feldman*. However, because the state court did not review the merits of the state agency decision, the *Rooker/Feldman* doctrine does not apply to the agency decision. "While the *Rooker–Feldman* doctrine recognizes that the federal district courts may not review decisions by a state's courts, it does not preclude federal district court review of executive action, including determinations made by a state administrative agency." *Mitchell v. Fishbein*, 377 F.3d 157, 165 (2d Cir. 2004) (internal quotation marks omitted). "If the decision of a state agency has been upheld by a state court, then the *Rooker–Feldman* doctrine applies, because a challenge to the agency's decision necessarily involves a challenge to the judgment of the state court." *Narey v. Dean*, 32 F.3d 1521, 1525 (11th Cir. 1994). However, the doctrine is inapplicable to state agency decisions that have not been reviewed by the state courts. *Id.* at 1525-26; *see also Van Harken v. City of Chicago*, 103 F.3d 1346, 1349 (7th Cir. 1997)

("If the *Rooker–Feldman* doctrine is to be extended to administrative judgments, it will have to be done by the Court that created it.").

Nevertheless, we affirm the district court's ruling on the basis of the alternate grounds the court gave for dismissal. As the district court correctly noted, Plaintiff's complaint does not allege any facts that would establish Defendant's liability in his individual capacity. As for Plaintiff's claims against Defendant in his official capacity, "when a suit seeks money damages against an official of a state agency, suing that official in his or her official capacity, then the 'real party in interest' is the state, and the suit is barred by the Eleventh Amendment." *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998), *abrogated on other grounds by Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635 (2002). Contrary to Plaintiff's assertions, § 1983 does not affect this principle. *See Edelman v. Jordan*, 415 U.S. 651, 675-77 (1974).

After carefully reviewing Plaintiff's brief and the appellate record, we see no error in the district court's conclusion that Plaintiff's claims against Defendant in his official capacity were barred by the Eleventh Amendment, while his claims against Defendant in his individual capacity failed to state a claim upon which relief could be granted. We therefore **AFFIRM** the district court's dismissal of the case.

Entered for the Court


Monroe G. McKay
Circuit Judge


-3-