FILED
United States Court of Appeals
Tenth Circuit

May 31, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BARRY C. PRETLOW,

     Plaintiff - Appellant,

v.

DEBORAH LEE JAMES, Secretary,
Department of the Air Force,

     Defendant - Appellee.

No. 15-6180
(D.C. No. 5:12-CV-01281-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **PHILLIPS**, Circuit Judges.
_____

Barry C. Pretlow, proceeding pro se, appeals from the district court's order

granting summary judgment in favor of the Department of the Air Force (department)

on his claim that he was fired in retaliation for filing complaints with the Equal

Employment Opportunity Commission (EEOC).  He also appeals from the court's

order denying his motion to file a third amended complaint.  Exercising jurisdiction

under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

**I**

This is Pretlow's third appeal in connection with his firing from his job at the Tinker Air Force Base, where he worked as a sheet-metal mechanic from 2006 until 2010. *See Pretlow v. Garrison*, 420 F. App'x 798 (10th Cir. 2011) (*Pretlow I*); *Pretlow v. McPherson*, 497 F. App'x 846 (10th Cir. 2012) (*Pretlow II*). Pretlow filed this current action in the district court in November 2012; he filed the amended complaint in July 2013. Both parties moved for summary judgment, and the district court ruled in favor of the department.

The factual basis for Pretlow's firing is not in dispute. He admits he refused to work mandatory overtime and did not follow applicable leave procedures when he was absent from his job. These were the department's stated reasons for firing him. Nonetheless, he argues these reasons are pretextual and that the real reason he was fired is because he filed complaints with the EEOC.

**II**

We review de novo a district court's grant of summary judgment, applying the same standard as the district court. *Pinkerton v. Colo. Dep't of Transp.*, 563 F.3d 1052, 1058 (10th Cir. 2009). "[W]e examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party." *Id.* (internal quotation marks omitted). We construe Pretlow's pro se pleadings liberally. *See Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013). However, pro se parties must follow the same rules of procedure as other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). We will not supply additional factual allegations or

construct a legal theory on his behalf.  *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).

Where, as here, a plaintiff seeks to prove a retaliation claim through indirect or circumstantial evidence, we apply the framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).  *See Pinkerton*, 563 F.3d at 1064.  First, the plaintiff has the burden to present a prima facie case of retaliation.  *Stover v. Martinez*, 382 F.3d 1064, 1070 (10th Cir. 2004).  The burden then shifts to the employer to "articulate a legitimate, nondiscriminatory reason for the adverse employment action."  *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1229 (10th Cir. 2004).  Once the employer does so, "the burden shifts back to the employee to provide evidence showing that the employer's proffered reason is a pretext for discrimination."  *Stover*, 382 F.3d at 1071.

For the purpose of this appeal, we assume Pretlow and the department have met their initial burdens, and we now analyze whether Pretlow has shown that a genuine issue of material facts exists as to whether the department's explanations for firing him are pretextual.  "Pretext can be inferred from evidence revealing weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's explanation."  *Macon v. United Parcel Serv., Inc.*, 743 F.3d 708, 714 (10th Cir. 2014) (internal quotation marks omitted).  Pretext "may also be alleged by providing direct evidence discrediting the proffered rationale, or by showing that the plaintiff was treated differently from others similarly situated."  *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1234 (10th Cir. 2015) (internal quotation marks omitted).  "The

3

critical question regarding this aspect of the *McDonnell Douglas* rubric is whether a reasonable factfinder could rationally find the employer's rationale unworthy of credence and hence infer that the employer did not act for the asserted non-retaliatory reasons." *Id.* (internal quotation marks and brackets omitted).

Pretlow presents no evidence to support such a conclusion in this case. Although he alleges that he was fired about a month after he filed a complaint with the EEOC and that one of the people who testified at a subsequent EEOC hearing issued the Notice of Decision to Remove, "temporal proximity alone is not sufficient to defeat summary judgment by showing that the employer's proffered reason is actually pretext for retaliation." *Pinkerton*, 563 F.3d at 1066. Pretlow makes no argument as to how either event is related, directly or indirectly, to his firing. He relies instead on vague and conclusory allegations and mere conjecture. Further undermining this temporal-proximity argument is the undisputed fact that he received a Notice of Proposed Removal more than three weeks before he filed the complaint. That notice obviously could not have been issued in retaliation for a complaint Pretlow had not yet filed. Moreover, that notice provided the same grounds for Pretlow's firing—his failure to report for mandatory overtime and his failure to follow established leave procedures—but his response to the notice addressed neither of these issues.

To the extent Pretlow argues that he was fired in retaliation for "ongoing" protected disclosures, he fails to describe these with any particularity, much less explain how they reveal any weaknesses or inconsistencies in the department's stated

4

explanation for why it fired him. His reliance on the department's previous adverse actions against him, including two five-day suspensions, is misplaced given the absence of any factual allegations that these actions were unwarranted by his underlying conduct or that he was singled-out for adverse treatment. *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1232 (10th Cir. 2000) ("[A] plaintiff may also show pretext on a theory of disparate treatment by providing evidence that he was treated differently from other similarly-situated, nonprotected employees who violated work rules of comparable seriousness."). Pretlow's vague and undeveloped allegations concerning violations of labor practices and employment agreements are also unavailing given the absence of any factual allegations that any procedural irregularities directly and uniquely disadvantaged him. *See Johnson v. Weld Cty.*, 594 F.3d 1202, 1213 (10th Cir. 2010) ("[N]ot every failure to follow every directive in an employer's policy manual gives rise to an inference of pretext for invidious discrimination. Employers often fail to follow written policy manuals for benign (sometimes even very sound) business reasons, and in any event our job isn't to enforce employment manuals but to protect against unlawful discrimination." (citation omitted)).

Under these circumstances, there is no basis for concluding that the department's stated reasons for firing Pretlow were pretextual, and the district court did not err by granting summary judgment in the department's favor.

5

**III**

Before the district court granted summary judgment, Pretlow filed a complaint, an amended complaint, and a second amended complaint. When the second amended complaint was dismissed, Pretlow was permitted to reinstate the amended complaint. He then filed a third motion to amend without including a proposed amendment. The district court denied the motion, stating that "it is unclear from Plaintiff's Motion exactly what changes or additions to the Amended Complaint he proposes to make." Suppl. R. at 29. Pretlow then filed a motion to reconsider, attached with a proposed third amended complaint. The court denied the motion, noting that Pretlow had failed to plead exhaustion of any claim other than the one already asserted in the amended complaint. Suppl. R. at 72. On appeal, Pretlow argues the district court erred by denying his third motion to amend his complaint. We disagree.

A court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), but it may deny leave to amend if it determines that amendment would be futile, *Fields v. City of Tulsa*, 753 F.3d 1000, 1012 (10th Cir. 2014). "Although we generally review for abuse of discretion a district court's denial of leave to amend a complaint, when this denial is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010) (internal quotation marks omitted).

We discern no abuse of the district court's discretion. Pretlow's previous attempt to amend was unsuccessful, and, as noted by the district court, Pretlow was

admonished in his prior appeal that he must allege administrative exhaustion of a claim as a prerequisite for a federal court to have subject-matter jurisdiction over that claim. *See Pretlow I*, 420 F. App'x at 803 (concluding that dismissal was appropriate because Pretlow referred "to EEO complaints without any indication that he pursued these to completion before filing this case"); *see also Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) ("It is well-established that Title VII requires a plaintiff to exhaust his or her administrative remedies before filing suit."). On appeal, Pretlow fails to make any showing that he exhausted his administrative remedies with respect to any specific additional claim. Because further efforts to amend the complaint would have been futile, we cannot say that the court abused its discretion by denying yet another motion to amend it.

## IV

The judgment is affirmed.

Entered for the Court

Carlos F. Lucero
Circuit Judge