

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-14-2003

# Hinkel v. Secretary Navy

Precedential or Non-Precedential: Precedential

Docket No. 02-4542

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Hinkel v. Secretary Navy" (2003). *2003 Decisions.* Paper 81.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/81

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed November 14, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4542

PAUL HINKEL;
DONALD REYNOLDS,

*Appellants*

v.

GORDON ENGLAND, Secretary, United States Navy

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Dist. Court No. 01-CV-1971)
Magistrate Judge: J. Andrew Smyser

Submitted Under Third Circuit LAR 34.1(a)
October 15, 2003

Before: SLOVITER, ROTH and CHERTOFF, *Circuit Judges*

(Filed: November 14, 2003)

KEITH E. KENDALL
2215 Forest Hills Drive
Harrisburg, PA 17112
*Counsel for Appellant*

THOMAS A. MARINO
United States Attorney
JOSEPH J. TERZ
Assistant United States Attorney
Middle District of Pennsylvania
P.O. Box 11754
Harrisburg, PA 17108
*Counsel for Appellee*

---

## OPINION OF THE COURT

---

CHERTOFF, *Circuit Judge*:

Appellants are GS-11 level employees of the United States Navy. They allege that the Navy determined that their jobs should be classified at the GS-12 level but has failed to implement the classification. They filed suit seeking a writ of mandamus compelling defendant Gordon England, Secretary of the Navy, to classify them accordingly. Appellants appeal the Magistrate Judge's decision granting defendant's motion for summary judgment.[1] We shall affirm.

This Court exercises plenary review over a district court's grant of summary judgment and applies the same standard the district court should have applied. *See Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). We generally review mandamus decisions for abuse of discretion, but we review non-discretionary elements *de novo. See Stehney v. Perry*, 101 F.3d 925, 929 (3d Cir. 1996).

### I.

Appellants Paul Hinkel and Don Reynolds are Program Managers in the Navy's Ships Systems Department, a subdivision of the Ships Support Directorate; at all times relevant to this lawsuit their positions were classified at the GS-11 level. In 1997 their supervisor, Valerie Steinman,

---

1. The parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before a magistrate judge.

identified eleven Program Manager positions under her supervision (including appellants) that she felt, given those positions' job responsibilities, should be classified to the GS-12 level.[2] Steinman submitted a proposal for appellants' reclassification to Gail Sheffer in the Human Resources office. Sheffer performed a sample "desk audit" of two of the eleven positions and concluded that, given the job duties of the positions, they were GS-12 level.

Steinman then submitted the proposal to James Ramsey, Deputy Director of the Ships Support Directorate. Appellants allege that Ramsey approved the proposal and the Navy has failed to implement their reclassification to the GS-12 level. The Secretary of the Navy contends that appellants have not become GS-12 level employees because Ramsey determined that reclassification was unwarranted and rejected Steinman's proposal. This factual dispute is immaterial to the resolution of appellants' claim, however, and we assume for purposes of this decision the facts as alleged by appellants.

## II.

There are two prerequisites to issuing a writ of mandamus. Appellants must show that (1) they have no other adequate means to attain their desired relief; and (2) their right to the writ is clear and indisputable. *See In re Patenaude*, 210 F.3d 135, 141 (3d Cir. 2000); *Aerosource, Inc. v. Slater*, 142 F.3d 572, 582 (3d Cir. 1998). To assess appellants' entitlement to a writ of mandamus, we turn to two statutes: The Classification Act, 5 U.S.C. §§ 5101 *et seq.* and the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111 *et seq.* (codified in various provisions of Title 5 of the United States Code) ("CSRA").

The Classification Act makes it the responsibility of each federal agency to place every position under its jurisdiction in the appropriate class and grade in conformity with

---

2. The Navy had recently reclassified to the GS-12 level Program Managers from another division of the Ships Support Directorate who performed similar work as appellants. That reclassification apparently provided the impetus for Steinman's efforts.

standards published by the Office of Personnel Management ("OPM"). 5 U.S.C. § 5107. An employee who wishes to challenge the appropriateness of his position's classification may appeal to the OPM, which is authorized to, *inter alia*, (1) "decide whether a position is in its appropriate class and grade"; and (2) "change a position from one class or grade to another class or grade when the facts warrant." 5 U.S.C. § 5112(a). The OPM is statutorily required to entertain an employee's appeal of his classification. 5 U.S.C. § 5112(b).

In the past, courts reviewed classification decisions under mandamus jurisdiction. In *Haneke v. Sec'y of Health, Educ. & Welfare*, 535 F.2d 1291 (D.C. Cir. 1976), for example, the court ordered the Civil Service Commission (OPM's predecessor agency) to determine whether the plaintiff should be reclassified based on the fact that other employees at the Department of Health, Education, and Welfare were classified at a higher level even though they were doing the same work. *See also United States v. Testan*, 424 U.S. 392, 401 n.5, 403 (1976) (noting the availability of mandamus to compel prospective reclassification).

In 1978, however, Congress enacted the CSRA. The CSRA establishes a three-tiered scheme for review of personnel actions taken by federal agencies:

> (1) for major personnel actions specified in the statute ("adverse actions") [*see* 5 U.S.C. §§ 7501-7701], direct judicial review after extensive prior administrative proceedings; (2) for specified minor personnel actions infected by particularly heinous motivations or disregard of law ("prohibited personnel actions"), review by the Office of Special Counsel [of the Merit Systems Protection Board], with judicial scrutiny "limited at most, to insuring compliance with the statutory requirement that the OSC perform an adequate inquiry," [*Cutts v. Fowler*, 692 F.2d 138, 140 (D.C. Cir. 1982)]; and (3) for the specified minor personnel actions not so infected, and for all other minor personnel actions, review by neither the OSC nor the courts.

*Carducci v. Regan*, 714 F.2d 171, 175 (D.C. Cir. 1983). Courts that have addressed the interplay between the

Classification Act and the CSRA have concluded that classifications running afoul of the Classification Act qualify as "prohibited personnel actions" and therefore are subject to the CSRA's second tier of review. *See Barnhart v. Devine*, 771 F.2d 1515, 1523 & n.12 (D.C. Cir. 1985); *Karamonos v. Egger*, 882 F.2d 447, 450 (9th Cir. 1989); *Towers v. Horner*, 791 F.2d 1244, 1246-47 (5th Cir. 1986).

We agree. The CSRA defines "prohibited personnel action," in part, as a personnel action where "the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in section 2301 of this title." 5 U.S.C. § 2302(b)(11). The merit system principles codified at 5 U.S.C. § 2301 include "[e]qual pay . . . for work of equal value." 5 U.S.C. § 2301(b)(3). Similarly, a purpose behind the Classification Act is to promote "the principle of equal pay for substantially equal work." 5 U.S.C. § 5101(1)(A). And the Act also requires that each position be placed in its appropriate class, and each class in its appropriate grade. 5 U.S.C. § 5106.

Moreover, an agency's failure to implement a reclassification—as appellants here allege—constitutes a "failure to act" that violates the CSRA's merit system principles. *See Perdeaux v. United States*, 33 F. Supp. 2d 187, 190 (E.D.N.Y. 1999); *see also* 5 C.F.R. § 511.701(a)(2) ("The personnel action must occur within a reasonable period of time following the date of the position action."). Thus an employee contending a failure to implement his classification must bring his complaint to the Office of Special Counsel ("OSC"). The OSC must then "investigate the allegation to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken." 5 U.S.C. § 1214(a)(1)(A).

The result of the CSRA's review scheme is that it eliminates review of classification decisions of an agency or the OPM—including the failure to implement a reclassification—by way of writ of mandamus to the agency. That is so because the CSRA provides employees dissatisfied with their classification with other adequate means to attain their desired relief—review by the OSC.

And insofar as suits for mandamus in the classification context survive the CSRA, an employee may only seek a writ of mandamus compelling the OSC to perform its statutory duty to conduct an adequate inquiry. *Barnhart*, 771 F.2d at 1523-27. In other words, "by providing a new avenue of review, the CSRA altered the point at which mandamus potentially becomes available—that point at which no alternative remedy is available—as well as the entity against which mandamus may lie." *Id.* at 1527.

Here, appellants brought their complaint to the OSC. The OSC replied to appellants by explaining that "[t]he policy of the Office of Special Counsel is to await final action on such classification appeals by the agencies and the Office of Personnel Management, prior to taking action on complaints involving classification decisions." App. 61, 63. Because plaintiffs had not "exhausted the classification appeal process," the OSC declined to take further action at that time. Appellants claim that such exhaustion would have been futile.

We express no opinion about the exhaustion issue or about whether appellants may properly seek a writ of mandamus compelling OSC to perform an adequate inquiry before bringing their appeal to the OPM. At the very least, however, appellants have sought mandamus against the wrong entity. Appellants' claim for mandamus lies (if it lies at all) against the OSC.

### III.

For the reasons stated above, we will affirm the Magistrate Judge's order granting defendant summary judgment.

A True Copy:
      Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*