**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RONALD MAHTESIAN,
          *Plaintiff-Appellant,*

          v.

BENNY LEE,
          *Defendant-Appellee.*

No. 04-15093

D.C. No.
CV-03-02691-PJH

RONALD MAHTESIAN,
          *Plaintiff-Appellant,*

          v.

HELEN WONG,
          *Defendant-Appellee.*

No. 04-15094

D.C. No.
CV-03-02692-PJH

OPINION

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted April 13, 2005[1]
San Francisco, California

Filed May 10, 2005

Before: John T. Noonan, David R. Thompson, and
Pamela Ann Rymer, Circuit Judges.

Opinion by Judge Noonan

---

[1]This panel unanimously finds these cases suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**COUNSEL**

Barbara M. Rizzo, Redwood City, California, for the plaintiff-appellant.

Chinhayi J. Coleman, San Francisco, California, for the defendants-appellees.

**OPINION**

NOONAN, Circuit Judge:

Ronald Mahtesian appeals the district court's order of November 14, 2003 dismissing for lack of subject matter jurisdiction his complaint against Benny Lee and Helen Wong. The question presented is whether the alleged wrongful actions of Lee and Wong fall within the ambit of the Civil Service Reform Act (CSRA) (codified in various sections of 5 U.S.C.). Holding that the alleged tortious conduct is within the CSRA's confines, we affirm.

FACTS

In January 2001, Mahtesian applied for a promotion to become a supervisory auditor at the Department of Treasury, in the Office of the Inspector General, San Francisco Regional Office (Treasury). Mahtesian had spent the last six years as an auditor for the Department of Justice, in the Office of the Inspector General, in San Bruno, California (Justice). In October 2001, he was offered the position at Treasury subject to successful completion of a background investigation.

Background investigators interviewed among others Helen Wong, a former co-worker of Mahtesian at Justice who had transferred to Treasury in March 2001. Wong's statements were highly critical. Mahtesian alleges they were false.

Benny Lee, an Audit Manager at Treasury, obtained a copy of the background investigation and interviewed several of Mahtesian's co-workers including Wong. Mahtesian alleges that Lee in the course of the interview revealed the contents of his background investigation to individuals both inside of Treasury and outside of the agency.

Treasury subsequently withdrew the job offer.

## PROCEEDINGS

Mahtesian filed tort claims against Wong and Lee in the Superior Court of California. The complaint against Wong alleges causes of action stemming from the alleged defamation and slander. The complaint against Lee alleges causes of action based upon his interference with Mahtesian's employment interest and invasion of Mahtesian's privacy.

The United States removed the cases to the federal system and filed for certification pursuant to 28 U.S.C. § 2679(d) that Wong and Lee were acting within the scope of their employment. The district court rejected Mahtesian's challenge to this certification. The district court then dismissed the complaint for lack of subject matter jurisdiction under the CSRA and under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680(h).

## ANALYSIS

[1] The CSRA limits federal employees challenging their supervisors' "prohibited personnel practices" to an administrative remedial system. "If the conduct that [Mahtesian] challenge[s] in this action falls within the scope of the CSRA's

'prohibited personnel practices,' then the CSRA's administrative procedures are his only remedy, and the federal courts cannot resolve Appellants' claims under . . . the FTCA." *Orsay v. United States Dept. of Justice*, 289 F.3d 1125, 1128 (9th Cir. 2002); *see also Saul v. United States*, 928 F.2d 829, 835-43 (9th Cir. 1991) (holding the CSRA precludes both constitutional and common-law tort claims); *Collins v. Bender*, 195 F.3d 1076, 1079 (9th Cir. 1999) ("[E]ven if no remedy were available to [Mahtesian] under the CSRA, he still could not bring [his] action if the acts complained of fell within the CSRA's confines.").

The CSRA defines "prohibited personnel practices" as any "personnel action" taken for an improper motive by someone who has authority to take personnel actions. 5 U.S.C. § 2302(b) (delineating improper motives). "Personnel action" as defined by the statute includes any appointment, promotion, or performance evaluation. *See* 5 U.S.C. § 2302(a)(2)(A)(i)-(xi); *Brock v. United States*, 64 F.3d 1421, 1424-25 (9th Cir. 1995); *Collins*, 195 F.3d at 1079-80. We apply these rules to the defendants.

**[2]** *Benny Lee*. The CSRA prohibits supervisors from improper consideration of "recommendations or statements" except as provided under 5 U.S.C. § 2302(b)(2). This section limits solicitation and consideration of employment recommendations to statements based on personal knowledge or records concerning the candidate's employment qualifications, past performance, and general character and suitability. *See id*. Lee's alleged wrongful conduct concerned collection and dissemination of recommendations and evaluations in consideration of whether or not Mahtesian should be hired as a supervisory auditor. Collection of such information and exchanges about it are steps in getting data on a new employee. As the appointment or promotion of an individual is defined as a personnel action by the statute, if Lee acted inappropriately his conduct would have violated the CSRA's strictures and would be subject to the statute's remedial

scheme. To the extent that Lee's alleged wrongful conduct consisted of interference with employment interest and invasion of privacy, this alleged conduct also constituted prohibited personnel actions, as it would have been a "willfull[ ] obstruct[ion of] [Mahtesian] with respect to [his] right to compete for employment," 5 U.S.C. § 2302(b)(4), and a violation of the merit system principles by treating Mahtesian without "proper regard for [his] privacy." *Saul*, 928 F.2d at 833 (quoting 5 U.S.C. § 2301(b)(2)); 5 U.S.C. § 2302(b)(12).

**[3]** *Helen Wong*. Wong's alleged conduct occurred when she was approached by Treasury officials with authority to solicit recommendations from her. Wong was questioned about Mahtesian's character and job performance. She answered these questions. Section 2302(b) proscribes prohibited conduct by "[a]ny employee who has authority to . . . recommend . . . any personnel action." 5 U.S.C. § 2302(b). As she was approached and queried by appropriate authorities, Wong had authority to recommend or not recommend Mahtesian for employment. The statute specifically prohibits a person with such authority from "deceiv[ing] or willfully obstruct[ing]" a person's right "to compete for employment." 5 U.S.C. § 2302(b)(4). Wong's conduct falls under the ambit of the CSRA. It would be illogical for the CSRA to extend to employees seeking recommendations but not to those actually providing them. The statute covers both recommenders and those who collect their evaluations.

**[4]** As Mahtesian's claims fall within the CSRA, the district court properly found it did not have subject matter jurisdiction. *Saul*, 928 F.2d at 835-43. We need not consider other matters on appeal. *Id*. at 840 n.21.

AFFIRMED.