FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORMAN PECK, | No. 11-17894 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00151-JAM-DAD |
| v. | |
| BETH WENSTROM; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted March 12, 2013[**]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Norman Peck appeals pro se from the district court's judgment denying his

motion for remand and dismissing for lack of subject matter jurisdiction his action

challenging his termination from the Department of the Interior's Bureau of Land

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Management.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the existence of subject matter jurisdiction, and for clear error any factual findings regarding jurisdictional issues.  *Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir. 2002).  We affirm.

The district court properly denied Peck's motion for remand because Peck failed to establish that his state law claims against individual federal employees who were certified by the U.S. Attorney General to be acting within the scope of their employment should not proceed in federal court under the Federal Tort Claims Act ("FTCA") with the United States as the proper defendant.  *See Osborn v. Haley*, 549 U.S. 225, 229-32, 252 (2007) (where tort claims are brought against a federal employee, U.S. Attorney General's certification that employee acted within the scope of his employment requires that the employee be dismissed from the action, the United States be substituted in, and the case proceed in federal court under the FTCA); *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995) (Attorney General's certification that a federal employee was acting within the scope of employment must be disproved by a preponderance of the evidence).

The district court properly dismissed without prejudice Peck's action because each of his claims related to defendants' conduct within the scope of their employment in allegedly improperly removing him from federal service, and, as

such, were preempted by the exclusive administrative remedies provided under the Civil Service Reform Act (the "CSRA"). *See* 5 U.S.C. § 2302 (CSRA applies to claims concerning prohibited personnel practices, which broadly include any decision taken for an improper motive as to a federal employee's appointment, promotion, reassignment, training, termination, or reinstatement); *Mahtesian v. Lee*, 406 F.3d 1131, 1134 (9th Cir. 2005) (if the challenged conduct constitutes a prohibited personnel practice under the CSRA, then the CSRA's administrative procedures are plaintiff's exclusive remedy, preempting all other claims, and federal courts cannot resolve such claims under the FTCA).

Peck's contentions regarding the district court's alleged errors in failing to address his motions for discovery, sanctions, and other relief are unpersuasive. *See Wages v. IRS*, 915 F.2d 1230, 1234 (9th Cir. 1990) (after ordering dismissal for lack of subject matter jurisdiction, a district court retains no power to issue order relating to the merits of the case).

**AFFIRMED.**