BLD-086                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3870
_____

UNITED STATES OF AMERICA

v.

RICHARD SCOTT BLACKSTONE,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-11-cr-00122-009)
District Judge:  Honorable Alan N. Bloch
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
November 27, 2013

Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: December 17, 2013)
_____

OPINION
_____

PER CURIAM

        Richard Scott Blackstone, a federal prisoner proceeding pro se, appeals from the

District Court's order denying as moot his request for mandamus relief.  For the reasons

that follow, we will modify that order and summarily affirm it as modified.

I.

In November 2011, Blackstone pleaded guilty in the District Court to conspiracy to possess with intent to distribute and distribution of five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. In May 2012, the District Court sentenced him to 75 months' imprisonment. His appeal from that judgment was unsuccessful.

On July 31, 2013, the District Court docketed a "Motion to Compel" from Blackstone seeking mandamus relief. Specifically, he requested that the District Court direct the United States Marshals Service to execute the judgment of sentence and provide the District Court Clerk with a copy of the "return portion" of that judgment so that it could be added to the docket. On September 6, 2013, a copy of the return portion of the judgment was docketed, reflecting that Blackstone was delivered to the Bureau of Prisons' facility in Welch, West Virginia (FCI-McDowell), on July 9, 2012. In light of that filing, the District Court, on September 9, 2013, denied Blackstone's motion to compel as moot.

Blackstone timely appealed from the District Court's September 9, 2013 order.[1] The Clerk of this Court has listed this appeal for possible summary action, and the Government has, more recently, moved to summarily affirm.

II.

---

[1] Blackstone's notice of appeal refers only to the "denied motion on September 6, 2013." But the District Court did not issue a decision on that date, and its September 9, 2013 order was the only one issued around that time. Accordingly, we treat his notice of appeal as challenging the September 9, 2013 order.

2

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We generally review mandamus decisions for abuse of discretion, but we review non-discretionary elements *de novo*." Hinkel v. England, 349 F.3d 162, 163 (3d Cir. 2003). We may affirm a district court's judgment on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and we may take summary action if an appeal does not present a substantial question, see 3d Cir. I.O.P. 10.6.

"If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Ehrheart v. Verizon Wireless, 609 F.3d 590, 596 (3d Cir. 2010) (quotation marks omitted). In this case, Blackstone's judgment of sentence was executed and a copy of the return portion of that judgment was placed on the District Court's docket. Because that was the relief that Blackstone sought in requesting a writ of mandamus, we agree with the District Court that his mandamus request is moot.

In addition to requesting mandamus relief, Blackstone's motion to compel "ask[ed] for his case to be dismissed with prejudice." (Mot. to Compel 7 (emphasis omitted).) Although the District Court did not address this latter request, we need not

3

disturb the court's decision because Blackstone's bald request for dismissal of "his case"[2] is meritless. We will, however, modify the District Court's September 9, 2013 order to reflect that the motion to compel is denied, in part, as moot and denied, in part, as meritless.

Because this appeal does not present a substantial question, we will grant the Government's motion and summarily affirm the District Court's September 9, 2013 order as modified.

---

[2] We presume that "his case" refers to his criminal case, and that he wishes to have the indictment that was issued against him dismissed.