**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2519
_____

MANUEL LAMPON-PAZ,
                                        Appellant

v.

OFFICE OF PERSONNEL MANAGEMENT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-16-cv-08650)
District Judge:  Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2018
Before:  JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 30, 2018)
_____

OPINION*
_____

PER CURIAM

        Manuel Lampon-Paz appeals from the order of the District Court dismissing his

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

complaint with prejudice for lack of subject matter jurisdiction. We will affirm.

I.

Lampon-Paz is a former federal employee who is receiving federal disability retirement annuity payments. At issue here is the second of two lawsuits regarding those payments that he filed against the Office of Personnel Management ("OPM"). In his first suit, he claimed that the OPM improperly offset his monthly payments in 2014 for Social Security benefits that he had stopped receiving. He also claimed that the OPM improperly withheld his July 2015 payment. He did not dispute that the OPM, as it argued, ultimately recalculated his payments and retroactively paid him everything he was due. Instead, he alleged in conclusory fashion that the OPM was negligent in failing to pay the proper amounts sooner. He sought compensatory damages allegedly resulting from the delay. The District Court construed his complaint as arising in relevant part under the Federal Tort Claims Act ("FTCA") and dismissed it without prejudice because he did not exhaust his administrative remedies before filing suit.

Five days later, Lampon-Paz filed the complaint at issue here raising the same claims and also claiming to have exhausted his administrative remedies for FTCA purposes while his prior suit was pending. The OPM filed a motion to dismiss his complaint under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction on the ground that his claim for negligence under the FTCA was preempted by the Civil Service Reform Act ("CSRA") which, inter alia, amended and supplemented the Civil Service Retirement Act

2

(the "Retirement Act").  The District Court agreed and dismissed Lampon-Paz's complaint on that basis.  Lampon-Paz appeals.[1]

## II.

We will affirm.  The CSRA and Retirement Act are part of the "overlapping statutory schemes that specify the benefits to which federal employees . . . are entitled, and provide a reticulated remedial regime for beneficiaries to secure review—including judicial review—of benefit determinations."  Rodriguez v. United States, 852 F.3d 67, 83 (1st Cir. 2017) (quotation marks omitted); see also Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 771-75 (1985) (describing interaction of the CSRA, the Retirement Act, and the Federal Courts Improvement Act of 1982).  For ease of discussion only, we will refer to the relevant portions of these overlapping schemes as the CSRA.

The CSRA requires the OPM to administer its provisions, adjudicate claims for benefits, and pay all payable claims.  See 5 U.S.C. §§ 8347(a), 8461(a), (c).  A beneficiary unhappy with the OPM's determination of benefits may seek review by the Merits Systems Protection Board.  See 5 U.S.C. §§ 8347(d)(1), 8461(e)(1).  And a beneficiary unhappy with the Board's decision may then seek judicial review, but only in

---

[1] We have jurisdiction under 28 U.S.C. § 1291.  Our review of facial challenges to the District Court's jurisdiction is plenary.  See Treasurer of N.J. v. U.S. Dep't of Treasury, 684 F.3d 382, 395 (3d Cir. 2012).  The OPM also argued below that dismissal was warranted because the United States itself is the only proper defendant on an FTCA claim.  See 28 U.S.C. § 2679(a), (b)(1).  The District Court did not dismiss Lampon-Paz's complaint on that basis and instead noted that it might have permitted him to name the United States if his FTCA claim were otherwise valid.

3

the United States Court of Appeals for the Federal Circuit.  See 5 U.S.C. § 7703(b)(1)(A).

Both the Supreme Court and this Court have held that the CSRA's specific and detailed statutory scheme divests courts of jurisdiction to award certain supplemental remedies.  See, e.g., United States v. Fausto, 484 U.S. 439, 453-54 (1988) (holding that employees who were covered by the CSRA but did not have a remedy thereunder could not seek relief under the Back Pay Act); Sarullo v. U.S. Postal Serv., 352 F.3d 789, 795 (3d Cir. 2003) (declining to imply a cause of action for tort damages arising from federal employment because "the CSRA . . . provides the full scheme of remedies available").

For the same reason, other courts have held that the CSRA precludes supplemental remedies under the FTCA in particular.  See, e.g., Mahtesian v. Lee, 406 F.3d 1131, 1134 (9th Cir. 2005); Am. Postal Workers Union v. U.S. Postal Serv., 940 F.2d 704, 708 (D.C. Cir. 1991); Rollins v. Marsh, 937 F.2d 134, 139 (5th Cir. 1991); Premachandra v. United States, 739 F.2d 392, 394 (8th Cir. 1984).  These cases arose in the federal employment context, which the CSRA also governs, but courts have recognized that the framework prohibiting supplemental remedies in that context applies equally in the context of retirement benefits as well.  See Rodriguez, 852 F.3d at 82-83; Lacson v. U.S. Dep't of Homeland Sec., 726 F.3d 170, 174 n.4 (D.C. Cir. 2013).

For example, one court has concluded that the CSRA divests courts of jurisdiction to consider challenges under the Administrative Procedure Act to the OPM's calculation of retirement benefits.  See Fornaro v. James, 416 F.3d 63, 66-69 (D.C. Cir. 2005)

4

(Roberts, J.). As that court explained, "[a] series of opinions from the Supreme Court and this court make clear that [the CSRA's] remedial provisions are exclusive, and may not be supplemented by the recognition of additional rights to judicial review having their sources outside the CSRA." Id. at 66. "In sum," the court concluded, "so far as review of determinations under the CSRA is concerned, what you get under the CSRA is what you get." Id. at 67.

The District Court properly relied on these principles in concluding that the CSRA precludes Lampon-Paz's FTCA claim in this case. Lampon-Paz raises essentially four arguments to the contrary. First, he argues that the CSRA does not preclude his claim because he is challenging, not the OPM's ultimate calculation of his benefits, but its failure to arrive at that calculation sooner. The fact remains, however, that Lampon-Paz is challenging the OPM's administration and payment of his benefits, which fall squarely within the CSRA. It may be that the CSRA does not provide a full remedy for any damages suffered as a result of a delay in making full payments.[2] As explained above, however, the CSRA precludes courts from providing supplemental remedies for claims arising under the CSRA. That is true even if the CSRA itself does not provide complete relief. See Fausto, 484 U.S. at 455; Mahtesian, 406 F.3d at 1134; Rollins, 937 F.2d at

---

[2] At the Clerk's direction, the OPM filed a supplemental brief addressing whether there is a remedy for Lampon-Paz's alleged injuries under the CSRA. The OPM argues that there is not. Cf. Lichtman v. Office of Pers. Mgmt., 835 F.2d 1427, 1428 (Fed. Cir. 1988) (holding that "there is no provision in law for accrual of interest when payment of annuity benefits is delayed") (quotation marks omitted). We need not resolve that issue.

139-40; cf. Schweiker v. Chilicky, 487 U.S. 412, 425 (1988) (declining to supplement the Social Security Act by implying a cause of action for consequential damages even though the Act did not provide "a remedy in damages for . . . hardships suffered because of delays in [plaintiffs'] receipt of Social Security benefits").

Second, Lampon-Paz argues that his claim is supported by Stephenson v. Office of Personnel Management, 705 F.3d 1323 (Fed. Cir. 2013). In that case, the court held that the OPM may not offset disability retirement annuity payments for Social Security benefits that the claimant had stopped receiving. See id. at 1324, 1331. It appears that Stephenson and related litigation are what led the OPM to stop offsetting Lampon-Paz's payments. Stephenson, however, does not hold that beneficiaries have a cause of action against the OPM for offsetting their payments. To the contrary, Stephenson itself was a case in which the beneficiary sought review under the CSRA from the OPM, from the Merits System Protection Board, and then from the Federal Circuit. See id. at 1325-26. Lampon-Paz has raised nothing suggesting that he could not have done the same.

Third, Lampon-Paz argues that the District Court already decided this issue in his favor by dismissing his first suit for lack of FTCA exhaustion instead of invoking the CSRA. There was some discussion of the CSRA in Lampon-Paz's first suit,[3] but the

---

[3] The District Court directed the OPM to file a supplemental brief addressing "whether, technicalities aside, there is an avenue for determination of whether plaintiff has received the annuity benefits he is owed." (D.N.J. Civ. No. 2-15-cv-05835, ECF No. 34.) The OPM responded that the CSRA provides Lampon-Paz with the mechanism for review

District Court did not address whether the CSRA required dismissal. The District Court's dismissal for lack of exhaustion instead had no bearing on that issue because "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." Sinochem Int'l Co. v. Malaysian Int'l Shipping Corp., 549 U.S. 422, 431 (2007) (quotation marks omitted). That is just what the District Court did.

Finally, Lampon-Paz argues that the absence of a remedy in this situation would permit the OPM to intentionally withhold his payments whenever it wants and for as long as it likes. This case does not present that scenario. Lampon-Paz alleges merely that the OPM committed unspecified negligence by partially offsetting his payments for one year before retroactively paying him the full amount. We thus do not consider whether any other set of allegations might permit mandamus or any other relief. Cf. Hinkel v. England, 349 F.3d 162, 165 (3d Cir. 2003) (addressing mandamus and the CSRA).

III.

For these reasons, we will affirm the judgment of the District Court. Lampon-Paz's motions to amend and supplement his briefs are granted, and we have considered his amendments and supplements in reaching our decision. All of his other motions are denied. The OPM's motion to file a supplemental appendix is granted except to the extent that the OPM seeks to expand the record on appeal.

---

described above, but the OPM did not seek dismissal for that reason at that time.